1    PAUL L. REIN, Esq. (SBN 43053)
     PATRICIA BARBOSA, Esq. (SBN 125865)
2    JULIE MCLEAN, Esq. (SBN 215202)
     LAW OFFICES OF PAUL L. REIN
3    200 Lakeside Dr., Suite A
     Oakland, CA 94612
4    (510) 832-5001

5    Attorneys for Plaintiff
     ANDI MILLARD
6

7              UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF CALIFORNIA
8

9    ANDI MILLARD,                    CASE NO. CIV-S03-1467 WBS/GGH
                    Plaintiff,
10                                     Civil Rights
     v.
11   LA BAER INN, et al.,             RELATED CASE NOS.
                                       CIV-S03-1468 WBS/GGH
            Defendants.                CIV-S03-1480 WBS/GGH
12   _____/         CIV-S03-1481 WBS/GGH
                                       CIV-S03-1482 WBS/GGH
13   ANDI MILLARD,
                    Plaintiff,
14
     v.
15   CARRIAGE HOUSE INN, et al.
                                       DECLARATION OF PAUL L. REIN
16          Defendants.                IN SUPPORT OF PLAINTIFF'S
     _____/          MOTION FOR AN AWARD OF
17                                      ATTORNEY FEES, LITIGATION
     ANDI MILLARD,                      EXPENSES, AND COSTS
                    Plaintiff,
18
     v.
19   DRIFTWOOD LODGE, et al.,
                                       Hearing
20          Defendants.
     _____/          Date: February 7, 2005
21   ANDI MILLARD,                      Time:        1:30 pm
                    Plaintiff,          Hon. William B. Shubb
22
     v.
23   THUNDERBIRD MOTEL, et al.,

24          Defendants.
     _____/
25
     ANDI MILLARD,
26                  Plaintiff,
     v.
27   TRAVEL INN, et al.,

28          Defendants.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

## LIST OF EXHIBITS TO DECLARATION OF PAUL REIN

Exhibit 1    Consent Decree and Order signed by Judge Shubb on April 21, 2004 for  Millard v. La Baer Inn, et al., Case No. CIV-S03-1467 WBS/GGH

Exhibit 2    Consent Decree and Order signed by Judge Shubb on April 21, 2004 for  Millard v. Carriage House Inn, et al., Case No. CIV-S03-1468 WBS/GGH

Exhibit 3    Consent Decree and Order signed by Judge Shubb on April 21, 2004 for  Millard v. Driftwood Lodge and Café, et al., Case No. CIV-S03-1480 WBS/GGH

Exhibit 4    Consent Decree and Order signed by Judge Shubb on April 21, 2004 for  Millard v. Thunderbird Motel, et al., Case No. CIV-S03-1481 WBS/GGH

Exhibit 5    Consent Decree and Order signed by Judge Shubb on April 21, 2004 for  Millard v. Travel Inn, et al., Case No. CIV-S03-1482 WBS/GGH

Exhibit 6    July 26, 2004 Order of Court Setting Aside Dismissals

Exhibit 7    Time sheets for attorney Paul Rein

Exhibit 8    Plaintiff's litigation expense and cost verifications

Exhibit 9    Attorney fees Order of Judge Thelton Henderson in Teresa Chavez v. Chevy's Restaurant, et al., Case No. C01-4322 TEH

Exhibit 10   Attorney fees Order of Judge Martin Jenkins, approving recommendation by Magistrate Judge Joseph Spero, Judy Shapiro v. 3030 Bridgeway, et al., (N.D.Cal.) Case No. C00-4410 MJJ

Exhibit 11   Attorney fees Order of Judge Claudia Wilken in George, et al. v. BART, (N.D.Cal.) Case No. C00-2206 CW

Exhibit 12   Article, "Disability Access Litigation and Statutory Attorney Fees for Enforcing the Americans with Disabilities Act of 1990," published in the ATLA Civil Rights Section Newsletter in March, 2002

Exhibit 13   Article "Fighting for Equal Access" (California Lawyer Magazine), republished in the Spring 1998 Verdict magazine of the ACCTLA

Exhibit 14   Attorney fees Order, Jorgensen v. Denny's, Inc., Flagstar Corp., Alameda County Superior Ct., Action No. 745658-9

Exhibit 15   Attorney fees Order, Michael Pachovas v. City of Berkeley, County of Alameda, Alameda County Superior Court, Action No. 713973-8

Exhibit 16   Declaration of Richard Pearl, Esq., Hankins v. El Torito Restaurants, Inc., et al. (San Mateo Sup. Ct., Action No. 376192)

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    –i–                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1

Exhibit 17   Declaration of Richard Pearl, Esq., <u>Hasan v. Contra Costa County, et al.</u>, U.S.D.C., No. C99-0084 WHO

2

Exhibit 18   Attorney fees Order, <u>Atwood v. El Torito Restaurants, Inc., et al.</u>, Alameda County Superior Ct., No. 677858-1

3

4

Exhibit 19   Attorney fees Order, <u>Hankins v. El Torito Restaurants, Inc., et al.</u>, San Mateo County Superior Court Action, No. 376192

5

Exhibit 20   Attorney fees Order, <u>Massey v. Kaiser, et al.</u>, Alameda County Superior Court, Action No. 794100-3

6

7

Exhibit 21   Attorney fees Order, <u>Shirley Hager & Charles Hager v. Econolodge, et al</u>, U.S.D.C., (N.D.Cal.) Case No. C98-20780 PVT

8

Exhibit 22   October 23, 2002 settlement transcript in <u>Diane Zum Brunnen v. Mission Ranch, Clint Eastwood, et al.</u>, U.S.D.C. (N.D.Cal.) Case No. C97-20668 JW

9

10

Exhibit 23   July 14, 1993 California Attorney General Opinion No. 93-203

11

Exhibit 24   <u>Chabner v. United Of Omaha Life Insurance Co.</u>, 1999 WL 33227443 (N.D.Cal.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1    I, PAUL L. REIN, declare as follows:

2        1.    My law partner Patricia Barbosa and I have been the lead

3    attorneys of record for plaintiff Andi Millard in this action.  I am an attorney in

4    good standing licensed to practice in the courts of California and in the United

5    States District Court for the Northern, Eastern and Central Districts of California.

6    I am 60 years old and have been a lawyer for 36 years, since admission to the

7    California Bar on January 9, 1969, after graduation from Boalt Hall, University of

8    California, Berkeley.  For the past 30 years, since 1975, I have represented

9    physically disabled persons in civil rights disability access lawsuits, to the best of

10   my knowledge longer than any other attorney in the United States.  This

11   opportunity arose because California enacted laws protecting the civil rights of

12   physically disabled persons in 1968, whereas most states did not have similar

13   access laws until passage of the Americans With Disabilities Act of 1990, 22

14   years later.

15       2.    My law office is dedicated full-time to litigating disability

16   discrimination lawsuits under the Americans with Disabilities Act of 1990

17   (hereinafter sometimes "ADA") and under California law, actions which I believe

18   to be in the public interest and which now constitute one hundred percent (100%)

19   of our practice, having dropped all other aspects of our legal practice in order to

20   focus full time on obtaining access to public facilities for physically disabled

21   persons.  I prepared for law school at Boalt Hall ('68) as an undergraduate at the

22   University of California at Berkeley during the early 1960s, preparing for civil

23   rights litigation by boxing on the University of California Intercollegiate Boxing

24   Team (1963-1965), winning the California Collegiate Boxing Conference

25   middleweight title in 1965.  The principles of good sportsmanship and

26   willingness to take on experienced and powerful adversaries carried over from the

27   ring to the courthouse.

28       3.    This declaration authenticates the attached Exhibits 1 through

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -1-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

24 as <u>true and correct copies</u> of the original documents.

4.    <u>Purpose of these five "related" lawsuits</u>: These five lawsuits were filed with the primary purpose of obtaining accessible facilities for physically disabled persons at five different Lake Tahoe motels located just across the state line from the Harrah's and Harvey's casinos in South Lake Tahoe, and with the secondary purpose of obtaining damages for a hemiplegic but independent disabled woman who requires use of a motorized wheelchair, Andi Millard.  Ms. Millard drove to Lake Tahoe to vacation, only to search in vain for accessible motel accommodations close enough to the casinos to reach by wheelchair from her motel room.  None of the five motels sued in these related cases had any properly accessible guest rooms, office entry, or van-accessible disabled parking.

5.    At the request of the five defendant businesses, all represented by the saw law firm (Nossaman, Guthner, Knox & Elliott, LLP), these five individually filed cases were related together and handled together for litigation and discovery purposes (including two days of formal site inspections by plaintiff's and defendants' attorneys and plaintiff's expert in South Lake Tahoe), and negotiated for settlement as a group.  For that reason, although my law firm initially kept track of attorney fees, litigation expenses and costs expended on an individual case basis, we later kept track of attorneys' time, litigation expenses and costs on a "group" basis, settled injunctive relief for all five cases at the same time, settled damages for all cases at the same time, and negotiated the five consent Decrees for injunctive relief at the same time, under the supervision of Magistrate Judge Gregory Hollows.  Finally, the efforts of Judge Hollows nearly settled the attorney fees aspects of the case - again on the basis of a single figure for all five cases - and plaintiff accepted the total amount recommended by Judge Hollows; however, one of the five defendants would not accept the agreed payment terms, and defendants would not settled the attorney fees issues unless all five cases

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH

-2-

S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   were settled at the same time.   After the settlement conference I continued our

2   best efforts to settle, including offering to settle individually as to any of the five

3   set of defendants, but defendants did not respond to this offer.

4          6.       Plaintiff's litigation was successful in obtaining all results sought by

5   each of the five lawsuits:  The five Consent Decree and Orders entered as court

6   orders by this Court, as agreed to at the (second) settlement conference supervised

7   by Magistrate Judge Gregory Hollows, established defendants' obligations to

8   provide usable and accessible facilities, and to pay plaintiff substantial statutory

9   damages.  The five Consent Decree and Orders are attached as **Exhibits 1-5**, and

10  describe the damages and injunctive relief obtained in each case.

11         7.       Filing this motion has been delayed by several factors,

12  including extended efforts by plaintiff's attorneys after the last settlement

13  conference to settle the attorney fees issue directly with the attorneys for the five

14  sets of defendants, rather than being required to file this motion.  In this effort,

15  plaintiff's attorney exchanged multiple letters with defendants and provided legal

16  analysis and verifications of work expended to defendants, as well as research

17  addressing defendants' purported post-settlement Rule 68 "offers," as to

18  timeliness, validity, and whether Rule 68 "offers" could be conditioned on

19  defendants setting their own "credit" terms and plaintiff accepting monthly

20  payments over a period of several years for several defendants.   Plaintiff also

21  prepared an extensive "meet and confer" letter in June, 2004, advising of the

22  circumstances and additional work which would be involved in any necessary

23  filing of this motion; an offer to settle individually with any of the five sets of

24  defendants; and an intention by plaintiff to rely (as part of our motion) upon the

25  attorney fees principles of Gates v. Deukmejian (9th Cir. 1992) 987 F.2d 1392.

26  Defendants did not respond to this letter.

27         8.       A further and most significant delay was due to the five

28  lawsuits being mistakenly dismissed by a court clerk, necessitating plaintiff to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                   -3-                      S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   bring motions to have the five dismissals set aside, a motion eventually granted

2   by the Court.  (Order of July 26, 2004, Exhibit 6.)  In each of the five Consent

3   Decrees and Orders the following statement as to determination of the attorney

4   fees issue was included:

5   <u>ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS</u>:
    The parties have not reached an agreement regarding
6   plaintiff's claims for attorney fees, litigation expenses, and costs in
    this matter.  These issues shall be the subject of further negotiation,
7   settlement conference and/or motion to Judge William Shubb.

8   In the Declaration of Paul Rein supporting our request that the five dismissals be

9   set aside, plaintiff advised the Court that the dismissals needed to be set aside to

10  allow an attorney fees motion (¶ 11, p.4, l.4-15) :

11          11.   During the month following the entry of the Consent
    Decree Orders, I had continued negotiating, by exchange of
12  approximately four letters, with defense counsel, in an effort to settle
    the issues of the amount of attorney fees, litigation expenses and
13  costs payable by each set of defendants in these five cases, and had
    not yet reached the necessity of filing an attorney fees motion with
14  the Court.  Our office is a privately owned public interest law office
    and receives no compensation except through court awarded
15  statutory attorney fees in disability rights cases pursuant to the ADA
    and California law.  We need to have this dismissal set aside in order
16  to obtain compensation for our work in this case.

17          9.    <u>Purpose of this lawsuit and its results</u>: This lawsuit was an

18  action with the primary purpose of obtaining accessible facilities, including the

19  statutory minimum amount of required accessible guestrooms, disabled accessible

20  parking spaces, and accessible motel office facilities, at five separate motels

21  located in South Lake Tahoe, each of which turned away disabled customer Andi

22  Millard on July 16, 2002 because they had no accessible guestrooms.  These

23  actions also sought damages compensation for a disabled woman who was totally

24  barred from entering any of these five public accommodations because each one

25  had been maintained illegally, without providing any access for disabled persons.

26          10.   Plaintiff's litigation was successful in obtaining the results

27  sought: The five Consent Decrees and Orders, entered as court orders by Judge

28  Shubb, as agreed to at the March 26, 2004 settlement conference supervised by

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -4-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1    Magistrate Judge Hollows, established defendants' obligations to provide usable

2    and accessible guestrooms and other accessible facilities, are attached as Exhibits

3    1-5.   (For details, see also ¶ 19 of this declaration, infra.)

4            11.    My time sheets (Exhibit 7) were kept contemporaneously and

5    in a detailed manner, and verify my work performed on this case (with tasks

6    generally categorized in Paragraph 11, infra); my work (some by myself and

7    some in conjunction with the work of co-counsel), in addition to my personal

8    investigation of the subject premises on several occasions, including the five

9    formal noticed site inspections, also included the following:

10   1.    Preparation of five separate Complaints, based on different factual

11          conditions and liability based on different construction and alteration

12          histories at each motel;

13   2.    Preparation of Jt. Case Management Conference Statement for five cases;

14   3.    Personal inspection of records at County Planning Dept. office, as to

15          construction, alteration and permit histories for each of five properties;

16   4.    Extensive correspondence with defense counsel, including preparation of

17          multiple letter briefs on liability and other legal issues;

18   5.    Preparation of five Settlement Conference Statements;

19   6.    Participation in two Settlement Conferences covering factual and legal

20          issues for five separate but related cases;

21   7.    Participation in preparation of five Consent Decrees and Orders;

22   8.    Preparation of Attorney fees materials for transmittal to defendant for

23          attempted settlement purposes;

24   9.    Bringing Motion to Set Aside five erroneous dismissals;

25   10.   Preparation of this Motion for Attorney Fees, Litigation Expenses and

26          Costs incurred in handling five cases.

27           12.    Additionally, I performed necessary work in this case in the

28   following general categories, with all specific work detailed in the attached time

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -5-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

sheets (Exhibit 7): [Please note that these categories are not absolute or finite, as, for example, a single entry for communications with defense counsel may address liability, settlement, case management, damages and discovery.]

Contacts w/ plaintiff:     letters, telephone calls, meetings, messages, preparation for settlement conferences

Contacts w/ defendants:    letters written to and received from defense counsel, phone calls and messages, meetings (other than court dates), memorandum of communications, answer from defendants, legal position papers, settlement offers and negotiations

Contacts w/ co-counsel:    meetings, calls, letters, memos re: motions, discovery, strategy, hearings, settlement negotiations, planning, etc.

Contacts w/ experts:       meetings, calls, letters, requests, five South Lake Tahoe site inspections, report & declaration needs

Case management:           preparation of Joint Status Report covering five related cases, post-conference memos and calendaring, contacts with court and clerks, orders, calendaring

Settlement related:        preparation for and attendance at multiple settlement conferences, memos of settlement issues and communications, preparation of five settlement conference statements and five Consent Decrees and Orders, follow up letters continuing to achieve settlement after settlement conferences

Research, complaint, and investigation:    legal research, personal investigation outside of motels, obtaining records from government agencies in person and through correspondence and phone calls, preparation of complaint;

Attorney fees:             research, negotiations, correspondence, preparation of points and authorities, preparation of declarations, memos, court appearance (scheduled), meetings, etc., obtain declarations from experts on attorney fees and from client

13.    Even though the physical improvements that plaintiff requested to provide minimal accessible facilities for disabled persons involved only the most basic needs - usable public entrance to each of the facilities; accessible path to and disabled accessibility for at least <u>one</u> accessible guestroom

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -6-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

at each motel; and a single van-accessible parking space (see Exhibit 1-5, the five

Consent Decrees and Orders specifying injunctive relief to be provided by

defendants) - defendants at all times until the end of the litigation resisted making

any improvements, and denied they were liable.  Per the details in the

accompanying Declaration of Patricia Barbosa (hereinafter "Barbosa Dec."), they

also insisted that each of the five motels faced "imminent" destruction and

demolition for a proposed Convention Center, although it turned out no such

demolition or project was imminent, and that this same claim had been made over

the previous eight (8) years.  However, this representation was without good

cause from the beginning as defendants knew that there was no way that any such

project, even if started, would effect these motels for at least several years.

Defendants were in fact so advised by the City of South Lake Tahoe during this

litigation. Per the October 28, 2003 letter from Sayre Weaver, attorney for the

South Lake Tahoe Development  Agency, to defense counsel Carol Brophy

(Exhibit C, p.003-005, to accompanying Barbosa Dec.), the City confirmed that

no redevelopment was imminent; that property values in this area had not gone

down; and that other motels in the area had been granted permits to do ADA

compliance work and other property improvements.  At p.2, third paragraph, of

that letter, Ms. Brophy was advised (six months before settlement of this case)

that,

> The Agency is aware of property owners in Project Area #1 who
> have sold their motels on the open market at or near the asking price.
> The City files also reflect that other motels in Project Area #1 have
> (1) applied for permits, received permits, and completed remodeling
> associated with ADA compliance, or (2) applied for permits,
> received permits, and completed other improvements to their
> properties.  There is nothing in the files indicating that any property
> owner in Project Area #1 has been denied any permit because of
> proposed redevelopment.

       14.    Plaintiff apologizes to the Court for the necessity to describe

in detail defendants' conduct during litigation, as described herein and in detail in

¶¶ 13-27 of the accompanying Barbosa Dec.  However, this is necessary to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -7-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  explain why plaintiff was required to do the necessary legal work to obtain the

2  goals of this lawsuit for public interest disabled access improvements to these five

3  public accommodations, and obtain civil rights damages for the disabled plaintiff.

4       15.    A substantial portion of time in this case was devoted to

5  settlement efforts by plaintiff's attorneys, including personally attending two

6  settlement conferences in Sacramento, and the exchange of many phone calls and

7  letter briefs on legal positions.  Plaintiff also had the burden of proof on all issues

8  in this case, and thus had to work to prove her case, and to overcome defendants'

9  insistence that they had <u>no obligation</u> to provide access because they had <u>never</u>

10  done any alterations to any of the five motels, that no access improvements at any

11  of the five motels was "readily achievable," and that provision of access was

12  futile and not reasonable because all five of the motels were about to be destroyed

13  as part of a new Convention Center building project.  For example, plaintiff had

14  to overcome the purported "expert opinions" of defendants' hired "expert"

15  consultant, Kim Blackseth of Oakland, who, defendants represented, allegedly

16  supported defendants' position that they had no liability to provide any access.

17       16.    These five lawsuits have obtained total damages in the amount

18  of $25,000 for the plaintiff, allocated as $5,000 for each motel.  Obtaining

19  damages for a disabled person who has been denied full and equal access is an

20  independent basis for attorney fees under §54.3 California Civil Code.  (See

21  <u>James Donald v. Café Royale</u> (1990) 218 Cal.App.3d 168.)  The five lawsuits

22  have also achieved the injunctive relief objectives of <u>obtaining disabled</u>

23  <u>accessible facilities for disabled persons</u>, independently justifying attorney fees

24  and costs per § 505 of the ADA, and carried out a public benefit justifying

25  attorney fees, litigation expenses and costs under §1021.5 California Civil Code.

26  (Recovery of <u>litigation expenses</u>, including expert consultant costs, is also

27  specified by ADA §505 and Regulation §36.505 under the ADA.)  Section 1021.5

28  Civil Code was the basis for the October 12, 1999 order of Judge Marilyn Hall

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH

–8–

S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

Patel granting a 2.0 multiplier enhancement of all attorney fees awarded in an ADA Title III case (not involving this office), Chabner v. United Of Omaha Life Insurance Co., (N.D.Cal. 1999) WL 33227443.

17. Per ADA §505, attorney fees are the incentive to attorneys to handle civil rights lawsuits resulting in obtaining injunctive relief: access for disabled persons to previously disabled inaccessible public facilities. Indeed, while members of our law firm take professional satisfaction in furthering the public interest by our access lawsuits, we have no source of income independent of earning the statutory attorney fees offered by Congress as the only financial incentive for attorneys to handle ADA Title III cases. Per a 1993 California Attorney General's Opinion (Exhibit 23, A.G. Opinion 93-203) ADA Title III cases in California are prosecuted only by private lawsuits. This case has taken a significant amount of my time and that of any co-counsel and staff over the more than two years since our office began work on this case in September, 2002. (See time sheets, Exhibit 7.) This is time I could otherwise have spent making other public facilities accessible.

18. This case was handled at significant contingent risk, in that defendants have denied all liability throughout the case and denied any obligations to take any action to remedy deficiencies in access to mobility disabled persons. I have personally advanced $21,928 in out-of-pocket costs and litigation expenses to date. [As to the risk taken by plaintiff's attorneys in handling disability access cases on a contingent basis, seeking only statutory hourly fees, please see ¶ 57 of this declaration, infra.]


PUBLIC INTEREST RESULTS OF THIS LAWSUIT

19. Per Exhibits 1-5, the five Consent Decrees and Orders signed by this Court, defendants agreed to provide the following court-enforceable

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                 -9-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

disabled access:[1]

| | |
|---|---|
| 1. LA BAER INN - | Two disabled accessible parking spaces, one van-accessible; an accessible entrance to the motel office and to a separate <u>retail store</u>; one fully accessible guestroom |
| 2. CARRIAGE HOUSE INN - | One van-accessible parking space; agreement to change policy and mount office sign so disabled persons could "honk for help;" training of employees; one fully accessible guestroom |
| 3. DRIFTWOOD LODGE - | Two accessible parking spaces, one van-accessible; agreement to change policy and mount office sign so disabled persons could "honk for help;" training of employees; a separate accessible <u>Café</u> entrance and restroom; one fully accessible guestroom |
| 4. THUNDERBIRD MOTEL - | Two van-accessible parking spaces; accessible entrance to office; one fully accessible guestroom |
| 5. TRAVEL INN - | Two van-accessible parking spaces; agreement to mount office buzzer or bell for help; training of employees; one fully accessible guestroom |

ATTORNEYS' TIME SHEETS AND RECORD KEEPING

20.    All attorneys' hours records by plaintiff's attorneys were recorded contemporaneously and documented to the tenth of an hour.  All attorneys' work and expenditures of litigation expenses and costs have been reasonably incurred and were necessary towards achieving the specific objectives of this lawsuit.

21.    By attachment herein as exhibits to our respective declarations, plaintiff's counsel are providing Court and counsel with all case time sheets kept contemporaneously by attorneys Paul Rein, Patricia Barbosa, Julie McLean, and by Senior Paralegal Scott Holmes.  Exhibit 7  to this

---

[1]  Please note that plaintiff agreed to accept a policy change and buzzer arrangement as to three of the five motels  for exterior "office service" for disabled persons where each motel's construction configuration, including entryways with steps opening onto a driveway, did not allow reasonable modifications to make the office itself accessible without blocking portions of the adjoining path of travel.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -10-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   Declaration are the time sheets of Paul Rein.  Group Exhibit 8 contains

2   plaintiff's litigation expense and cost verifications, itemized as follows:

3   Filing fees ($150 per case)                                                          $   750
    Expert access consultant Jonathan Adler (Access Compliance Services)   13,270
4   Expert access consultant Barry Atwood (Accessible Environments, Inc.)    3,410
    Attorneys Diversified Services (service of process, record retrieval)           681
5   Federal Express (overnight/mail services)                                            276
    Copying costs                                                                          2,193
6   LexisNexis, Westlaw (computer data research, etc.)                               501
    Investigation expenses, misc. parking, etc.                                         847

7        Total litigation expenses and costs                                      $21,928

8

9   STATEMENT OF BASIS FOR PUBLIC INTEREST ATTORNEY FEE

10  RATES

11

12       22.      Every case handled by our law office is directed toward

    obtaining improvements of access for disabled persons to public facilities which

13  are in the public interest, as well as recovery of appropriate statutory

14  compensatory damages for the disabled persons who have been discriminated

15  against.  (We have also handled other forms of disability discrimination, for

16  example actions on behalf of persons discriminated against because of facial

17  disfigurement, visual impairments, hearing impairments or the need for assistance

18  by service animals.)  Recovery of statutory attorney fees, litigation expenses and

19  costs allows us to maintain our full public interest oriented caseload.  (We receive

20  no outside funding from any source.)  All recovery of fees sought herein,

21  including a public interest multiplier enhancement (under state law per §1021.5

22  California Code of Civil Procedure) are sought in full accordance with the

23  standards recently reiterated by the California Supreme Court in Ketchum v.

24  Moses (2001) 24 Cal.4th 1122.

25       23.      My current requested hourly rate has a lodestar basis of

26  $395/hr., the same rate that has been approved by numerous federal courts in

27  contested fee litigation and which fee rate has not been raised for the last three

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -11-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  years.  This fee rate was approved by Northern District (former Chief) Judge

2  Thelton Henderson, Judge Martin Jenkins, Magistrate Judge Joseph Spero, and

3  Judge Claudia Wilken, all in <u>contested</u> fee litigation during 2003 and 2004.

4  (<u>Chavez v. Chevy's</u>, Case No. C01-4322 TEH; <u>Shapiro v. 3030 Bridgeway</u>, Case

5  No. C00-4410 MJJ; and <u>George, et al. v. BART</u>, Case No. C00-2206 CW.)

6  Previously my then hourly rate was approved by Chief Magistrate Judge Patricia

7  Trumbull in <u>Hager v. Econolodge</u>, Case No. C98-20780 PVT.  Orders on these

8  four cases are attached to the this Declaration as **Exhibits 9, 10, 11 and 21**,

9  respectively.

10          24.     My hourly rate of $395/hr. is considerably less than that

11  charged by several excellent attorneys who also practice disability law, including

12  Larry Paradis and Sid Wolinsky, both of Disability Rights Advocates (DRA).  I

13  am informed that Mr. Paradis, who has approximately one-half the years of

14  experience as a lawyer that I have, currently bills at $495/hr., and that Mr.

15  Wolinsky, who has several <u>more</u> years experience as an attorney than I do, bills at

16  $595/hr.  While these are billing rates for civil rights attorneys, the Court can take

17  judicial notice that many senior corporate attorneys charge at considerably higher

18  rates than these.

19          25.     I believe that I am one of the most experienced attorneys in my

20  specialized field, as evidenced by the leading appellate case opinions that I have

21  obtained.  I was lead trial counsel and successful co-counsel on appeal in the three

22  leading published California appellate cases involving use of private civil

23  lawsuits to obtain public interest injunctive relief for architectural barriers

24  removal and for protecting equal rights for disabled persons under California

25  State law.  (<u>James Donald v. Cafe Royale (1990) 218 Cal.App.3d</u> 168; <u>James</u>

26  <u>Donald v. Sacramento Valley Bank (1989) 209 Cal.App.3d 1183</u>; <u>Hankins v. El</u>

27  <u>Torito Restaurants, Inc., et al.</u> (1998) 63 Cal.App.4th 510.)  I was also lead

28  counsel in the only California federal case that successfully kept a cruise line

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH              -12-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   defendant in California jurisdiction, <u>Walker and Adams v. Carnival Cruise Lines,</u>

2   <u>et al.</u> (2000) 107 F.Supp.2d 1135, a case that eventually resulted in Carnival's

3   "Holiday" cruise ship being made fully accessible for disabled persons.)   (See

4   footnote 5 of Points and Authorities.)

5                26.      My hourly rate is based on my education, experience,

6   knowledge and qualifications as a leading specialist in this field, summarized as

7   follows:

8                I have been a trial attorney for thirty-six (36) years and have

9   specialized in representing physically disabled persons in architectural barriers

10  and civil rights cases for the last thirty (30) years.  I have been awarded an "AV"

11  rating by Martindale-Hubbell.  I served as President of the Alameda/Contra Costa

12  Trial Lawyers Association (ACCTLA) for the year 2001.  My education included

13  a Phi Beta Kappa undergraduate degree from the University of California at

14  Berkeley in 1965 and a 1968 law degree (J.D.) from Boalt Hall School of Law, at

15  U.C. Berkeley.  I represented Boalt Hall in the 1968 California State Moot Court

16  Championships in San Diego, as part of a two person team with James Page; our

17  team won the Oral Advocacy competition and took second place overall.

18                27.      In the two <u>Donald</u> cases, supra, the California Attorney

19  General filed amicus curiae briefs supporting plaintiff's positions.  The Attorney

20  General declared that the Disabled Rights statutes depend on private lawsuits for

21  enforcement.  In <u>Donald v. Sacramento Valley Bank</u>, supra, the opinion of the

22  3rd District Court of Appeal, originally unpublished, was <u>ordered "published"</u> by

23  a 7-0 vote of the California Supreme Court.  This case established the propriety of

24  enforcing California's disabled access statutes and regulations by private lawsuits

25  under civil rights statutes.  In <u>Mark Hankins v. El Torito</u>, supra, the appellate

26  court affirmed a judgment for $80,000 damages and $403,000 attorney fees for

27  discrimination against a disabled person by refusing to allow him to use an

28  available employees' restroom, upholding the principles that (a) §54.1 Civil Code

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH            -13-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

access discrimination can occur without proof of wrongful "intent;" (b) that a policy may violate §§ 54 and 54.1 Civil Code; and (c) that an independent violation of a "disability access standard" is not a prerequisite for finding a violation of §54.1's "full and equal access" mandate.

28.   Articles I have published in the disabled access field include: "Wheelchair Access Litigation," CTLA Forum Magazine, (June 1982, Vol. XII, No. 5); "Public Interest Law and Attorneys' Fees: Using the New Civil Rights Statutes for Handicapped Persons and Others" published in the CTLA Forum Magazine, (May 1989, Vol. 19, No. 4); "Enforcing Disabled Access Through Private Lawsuits: Public Interest Work and Attorney's Fees," (Fall 1996, The Verdict); "Enforcing Disabled Access Through Private Lawsuits: Public Interest Work and Attorney's Fees" published in the December 1996 edition of the Consumer Attorneys Of California Forum magazine.

29.   A later article, "Disability Access Litigation and Statutory Attorney Fees for Enforcing the Americans with Disabilities Act of 1990," was published nationally by the American Trial Lawyers Association (ATLA) in the ATLA Civil Rights Section Newsletter in March, 2002.  (A copy is attached as Exhibit 12.)  This article encouraged other attorneys to handle public interest disabled access cases.  In this regard it quoted from Walker and Adams v. Carnival Cruise Lines, et al. (2000) 107 F.Supp.2d 1135, 1143, where Judge Thelton Henderson described the benefits of ADA litigation to disabled persons and to society as a whole, and noted that plaintiffs who "bring suit pursuant to the ADA do so in the role of 'private attorney generals' who seek to vindicate 'a policy of the highest priority'."

30.   I have participated as a lecturer to attorney groups and at law school seminars, including Boalt Hall, ACCTLA, DREDF, and Consumer Attorneys of California (CAOC) seminars for attorneys and law students.  I have been a Board of Governors member of the Alameda/Contra Costa Trial Lawyers

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -14-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  Association (ACCTLA) for the last thirty (30) years and served as Treasurer and

2  Secretary for this organization before becoming ACCTLA President for year

3  2001.  In July, 1996, I spoke at the 50th Anniversary National Convention of the

4  Association of Trial Lawyers of America (ATLA) (in Boston), and published an

5  article entitled, "Enforcing Disabled Access Under the ADA."  In July, 2003, I

6  was a speaker for the Civil Rights Section at the ATLA National Convention in

7  San Francisco and published an article entitled "ADA Enforcement by Individual

8  and Class Actions" (co-authored with Florida attorney Matthew Dietz).  The

9  social impact of my work was recognized in the January 1998 <u>California Lawyer</u>

10 magazine, published by the California State Bar, in an article about my disability

11 access law practice, "Fighting for Equal Access" (<u>California Lawyer Magazine</u>),

12 republished in the Spring 1998 <u>Verdict</u> magazine of the ACCTLA. (Exhibit 13)

13         31.     On behalf of plaintiff Judy Leiken, (and later joined by a class

14 action represented by attorneys from Disability Rights Advocates, including Sid

15 Wolinsky), I obtained a preliminary injunction from Judge Lawrence Karlton of

16 the Eastern District federal court, and a court Order holding that Squaw Valley's

17 policy of prohibiting persons who used wheelchairs from riding the "Tram" car

18 up to its new "High Camp" facilities was in violation of both the Americans With

19 Disabilities Act of 1990 and California Civil Code §§51 and 54.1.  (<u>Judy Leiken</u>

20 <u>v. Squaw Valley Ski Corp. and Alex Cushing</u>, CIV-S-93-505 LKK/GGH, Order

21 of June 29, 1994.)  Squaw Valley subsequently agreed to bring its entire $15

22 million "High Camp" recreational facility into compliance with access laws and

23 made an estimated $500,000 accessibility improvements at this year round resort.

24         32.     As a sole practitioner in 1994, working on a pro bono basis

25 and waiving any attorney fees, I also helped to obtain a $250,000 access ramp for

26 the Alameda County Courthouse, including filing the initial Government Claim

27 and later setting up a meeting between judges, county administrators, and

28 disability rights leaders, which meeting resulted in an agreement by Alameda

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -15-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  County to provide an access ramp to the Courthouse, without the filing of a

2  lawsuit.  I have also sent <u>several hundred</u> letters to businesses seeking

3  "voluntary" provision of access, <u>without</u> demand for damages or attorney fees.

4  Many of these businesses have cooperated by providing the requested access for

5  disabled persons.  (Although no letters of "notice" to non-complying businesses

6  are required under either state law or the ADA (<u>Botosan v. McNally Realty</u>,(9th

7  Cir. 2000) 216 F.3d 827) such letters have often been sent with the consent of

8  disabled clients who chose to authorize a letter to obtain "voluntary" access

9  instead of or before filing a lawsuit.)  However, the significant time and expense

10 of interviewing disabled persons who have complaints about a facility,

11 investigating the current physical conditions of a facility, obtaining records

12 indicating the ownership and building department records evidencing portions of

13 the construction and alteration history, and obtaining all other relevant records,

14 are often expensive when done on a pro bono basis.

15         33.     Through litigation, I have obtained installation of an elevator

16 to the courtrooms (all on the second floor) of the Berkeley Criminal Courthouse,

17 and accessible jail facilities at the Berkeley Police Department and Alameda

18 County Jail at Santa Rita, (<u>Michael Pachovas v. City of Berkeley, County of</u>

19 <u>Alameda</u>, Alameda County Superior Court Action No. 713973-8).  A separate

20 lawsuit obtained an elevator lift to the Berkeley Traffic Court (in a different

21 building), (<u>Tom Fisher v. County of Alameda, et al.</u>, Alameda County Superior

22 Ct. Action No. 717991-0).  Two other (separate) lawsuits obtained accessible

23 restrooms, court rooms, jury rooms, and other facilities at each of the buildings

24 comprising the Allen Broussard and Wiley Manuel Courthouses and other public

25 facilities at 600 Washington St. and 661 Washington St., Oakland.  (<u>Lawson v.</u>

26 <u>Alameda County and City of Oakland</u> and <u>Walker v. Alameda County</u>.)  A 1998

27 lawsuit against Alameda County obtained fully accessible restrooms and other

28 accessible facilities for the Hayward Superior Court Building.  (<u>Bolden v.</u>

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH              -16-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1    <u>Alameda County, et al.</u>, Alameda County Superior Ct., Action No. 805561-5)  In

2    2000 (with co-counsel Sid Cohen) we obtained an agreement to provide fully

3    accessible features, including accessible restrooms, at the Solano County

4    Courthouse in Fairfield.  (<u>Kosloff v. Solano County</u>, U.S.D.C. (E.D.Cal.), Case

5    No. CIV.S98-2248 WBS) In 2004 Patricia Barbosa and I settled a suit against

6    Amador County and the State of California, resulting in creation of accessible

7    court facilities for disabled persons in the Amador County Superior Court.

8    (Settlement, in a specially designated accessible courtroom in a new building in

9    Jackson, Amador County, was supervised by Magistrate Judge Gregory Hollows.)

10        34.    I have also handled successful litigation which required

11   building modifications to provide access for disabled persons in lawsuits against:

12        (a) many <u>banks</u>, including Wells Fargo Bank, Union Bank, Great

13   Western Bank, Bank of the West, Sumitomo Bank, Metropolitan Bank,

14   Millennium Bank, Sacramento Valley Bank, California Federal Bank, and

15   Washington Mutual Bank;

16        (b) many <u>hotels</u>, including the Cavalier Resort, Campton Place Hotel,

17   Sunnyvale Hilton Hotel, Bonaventure Hotel (Los Angeles), Waterfront Plaza

18   Hotel (Oakland), Westin St. Francis Hotel (San Francisco), Heritage House

19   (Mendocino), Berkeley Marriott Hotel, Emeryville and Santa Cruz Holiday Inn

20   Hotels, Anaheim Plaza Hotel, Palm Springs Hilton, and San Francisco Hilton (the

21   largest hotel on the West Coast, with over 2,000 rooms); each lawsuit obtained

22   accessible parking, accessible guestrooms (including rooms with roll-in showers),

23   accessible entranceways and registration facilities, and accessible public

24   restrooms;

25        (c) United Airlines, as to its national policy towards accommodating

26   disabled persons' prescribed medical needs; Southwest Airlines as to its public air

27   cargo facilities at the Oakland Airport;

28        (d) many <u>movie theaters</u>, including the Cinema Theater, Regency

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -17-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   Theaters, United Artists Theaters in several cities, and many large <u>"live" theaters</u>,

2   including the Orpheum Theatre, Golden Gate Theatre, and Curran Theatre, three

3   of the largest theaters in San Francisco;

4          (e) a number of <u>universities</u> and colleges, including Stanford

5   University's Maples (basketball) Pavilion and Memorial Church, Chabot College,

6   California State University at Hayward, Los Medanos College, Sonoma State

7   University, Marin College, Chico State University, and the University of

8   California at Berkeley;

9          (f) multiple <u>gasoline service stations</u>, including a number of Shell Oil

10  service stations, and one hundred fifty (150) BP Oil service stations (as part of a

11  class action in conjunction with Disability Rights Advocates);

12         (g) multiple <u>supermarket</u> and retail chain <u>stores</u>, including several 7-

13  Eleven stores (Southland Corporation), several Safeway stores, several Thrifty-

14  Payless (now Rite-Aid) stores, Ross Stores, several Pier 1 Imports stores, a major

15  J.C. Penney store in Hayward, several Bombay Company stores, and at least eight

16  shopping centers;

17         (h) at least three hundred individual <u>restaurants</u> (not including the

18  class action results, discussed in ¶¶ 38-39, *infra*), including multiple individual

19  Denny's, Jack-in-the-Box, McDonald's, Round Table Pizzas, Burger Kings,

20  Sizzlers, and El Torito restaurants, and the Casa Maria, Oceanview, Jade Villa,

21  Sea View, Cafe Royale, Rusty Scupper, Horizons (Sausalito), Townhouse, Coffee

22  Tree, Trader Vic's and Chevy's restaurants, and multiple Sacramento restaurants;

23  and

24         (i) multiple major hospitals, medical centers, and office buildings,

25  including two Kaiser Hospitals (the Oakland Psychiatric facility and Redwood

26  City Kaiser Hospital), Huntmont Medical Center, Colby Medical Center, Peralta

27  Medical Center, Kaiser Hospital (Redwood City), the Park Executive (office)

28  Building in Sacramento, the 1330 Broadway office building in Oakland, and the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -18-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

3030 Bridgeway office complex in Sausalito.

35.   <u>Class Action Results</u>: After litigation, we obtained a settlement in a class action against Greyhound Lines, a case I originated and served as class co-counsel with Sidney Wolinsky and Disability Rights Advocates (DRA), which resulted in accessible entrances and restroom facilities at <u>all Greyhound facilities in California</u>.  (<u>Imperiale v. Greyhound</u>, U.S.D.C. (N.D.Cal.) Case No. C94-04435 SAW)

36.   As a result of an individual lawsuit which I initiated and which DRA joined as co-counsel, we negotiated provision of access at <u>all</u> company-owned <u>Denny's</u> in California: the defendants agreed to make <u>232 Denny's</u> restaurants fully accessible to disabled persons (without the necessity of a class action).  (<u>Concetta Jorgensen v. Dennys, Inc. and Flagstar, Inc.</u>, Alameda County Superior Court).  (See rates approved in September, 1997, including a 1.6 public interest multiplier enhancement, Exhibit 14.)

37.   Our settlement in another individual lawsuit, <u>Martin v. Bombay Co.</u>, U.S.D.C. (N.D.Cal.) Case No. C00-01302 MEJ, not only resulted in the three separate Bombay Co. stores at issue having their physical premises made fully disabled accessible, but the Bombay Co. also agreed to <u>adopt policy changes</u> guaranteeing accessible aisleways in all <u>400</u> of its stores nationwide.

38.   A <u>class action</u> lawsuit I initiated as an individual action and transformed (with co-counsel Larry Paradis of Disability Rights Advocates) into a class action against BP Oil and its successor, Tosco Corporation, resulted in accessible entrances, accessible restrooms, accessible parking, and other access at <u>one hundred fifty</u> (150) BP service stations throughout California.  (<u>Susan Hodges v. BP Oil, Tosco Corporation</u>, U.S. District Ct. Northern District California, Case No. C95-02215 JLQ).  (None of the class actions in which I've been involved included "class" damage issues, only injunctive relief; and no rights of disabled persons to damages were ever compromised.)

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                 -19-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

39.     A class action  against <u>Jack in the Box Restaurants</u> <u>(Foodmaker, Inc.</u>), was co-counseled by attorneys Sid Wolinsky and Larry Paradis of DRA and certified as a nationwide class action by Chief Judge Thelton Henderson.  This lawsuit, which also grew out of a lawsuit I initiated and filed on behalf of an individual plaintiff, settled in 1997 and provided ADA "accessible" facilities in more than <u>eighteen hundred seventy</u> (1870) company-owned and franchised Jack in the Box restaurants (<u>Concetta Jorgensen v. Foodmaker, et al.</u> (N.D.Cal.) Case No. C95-0406).

40.     In <u>Mark Hankins v. El Torito Restaurants, Inc.</u>, San Mateo County Superior Court Action No. 376192, in 1996 the Honorable Walter Harrington awarded $80,000 in compensatory damages for wrongful denial of an accessible restroom to Mark Hankins, a disabled person forced to urinate in a public parking lot, and awarded $403,000 in attorney fees and costs.  (An additional fee award, as well as a 1.4 public interest multiplier, was awarded by the trial court for appellate attorney fees, for Paul Rein and co-counsel Sid Cohen, for defending the appeal published at <u>Hankins v. El Torito Restaurants, Inc., et al.</u> (1998) 63 Cal. App.4th 510.  This appellate decision established several principles of disabled access law, including that § 54.1 Civil Code could be violated by a wrongful policy as well as by illegal physical barriers to disabled access.)

41.     In <u>Michael Pachovas v. City of Berkeley, County of Alameda</u>, Alameda County Superior Court Action No. 713973-8, the plaintiff recovered $50,000 in compensatory damages for denial of access rights at three different public facilities.  Further, after a contested hearing, the court awarded all attorney fees requested, (at my <u>1992-1995</u> rate of $295/hr.), for an attorney fees and costs award (Exhibit 15) in excess of $213,000, including a 1.4 multiplier attorney fees enhancement, per §1021.5 Code of Civil Procedure, recognizing the public interest benefits of the litigation: Accessible holding facilities were created at the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -20-                S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  Berkeley Police Dept., with the City of Berkeley ending a policy of jailing all

2  disabled arrestees thirty (30) miles away at Santa Rita because of Berkeley's

3  inaccessible jail facilities; the Alameda County Jail at Santa Rita was provided

4  with accessible holding cells; and a $200,000 elevator was constructed at the

5  Berkeley Criminal Courthouse to access the second floor courtrooms.

6      42.   In January 2001, after 2-3 years litigation in two Eastern

7  District cases, our office achieved settlement agreements that resulted in fully

8  accessible public facilities at two major Northern California amusement parks

9  operated by corporate giant Premier Parks, Inc.: Waterworld in Sacramento and

10 Six Flags Marineworld in Vallejo. (Hollynn Delil v. Waterworld USA, et al.,

11 U.S.D.C., E.D.Cal., Case No. CIV98-1326 DFL/JFM; Barry Atwood v. Six Flags

12 Marine World, et al.U.S.D.C., E.D.Cal., Case No. CIV S-99-1134 LKK/JFM.)

13     43.   In another Eastern District case handled by this Court, in

14 December of 2001, after extensive litigation, we achieved a settlement in a

15 lawsuit against the City of Sacramento and eight individual businesses (McIver,

16 et al. v. City of Sacramento, et al., U.S.D.C (E.D.Cal.) Case No. CIV S-00-2078

17 WBS/GGH), which obtained full disabled access for entrances to multiple

18 businesses in the "Old Sacramento" section of the City and for multiple public

19 sidewalks, parking areas, and walkways, including the "K" St. Tunnel.  (This

20 lawsuit was settled under the supervision of Magistrate Judge Gregory Hollows

21 after several intensive settlement conferences.)

22     44.   A lawsuit settled in January 2002 before Magistrate Judge

23 Joseph Spero, (Barnabus Fairfield v. Golden Gate Fields, et al., U.S.D.C.

24 (N.D.Cal.) Case No. C00-1934 JL) accomplished full disabled access renovations

25 to the entire Golden Gate Fields Racetrack public facilities, including access to an

26 entire level of the racetrack with facilities for several thousand persons, which

27 level was previously accessed only by stairs and by an escalator unusable to

28 persons in wheelchairs.  Major access improvements in disabled accessible

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -21-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

parking, racetrack betting windows and betting machines, seating on each of four levels, and accessible restrooms were among the access improvements obtained. A similar lawsuit against Bay Meadows race track achieved major improvements to disabled access.  (Brown, et al. v. Bay Meadows, et al. U.S.D.C. (N.D.Cal.) Case No. C00-0908 PJH.)

45.   Also settled in January 2001, after more than three years of intensely defended litigation, was a lawsuit against Carnival Cruise Lines, Inc. requiring that its "Holiday" cruise ship be made accessible under the Americans with Disabilities Act's "readily achievable" standards - despite its status as a "foreign flag" cruise ship - because it operates in American ports and American waters. Walker & Adams v. Carnival Cruise Lines, Inc., et al., (N.D. Cal.) Case No. C98-02926 TEH.  Several important precedential opinions from this case were published: Walker and Adams v. Carnival Cruise Lines, et al. (1999) 63 F. Supp. 2d 1083 (ADA coverage extended to travel agent services); Walker and Adams v. Carnival Cruise Lines, et al. (2000) 107 F.Supp.2d 1135 (disabled persons were recognized as important private attorneys general under the ADA, and were protected against forum selection removal to Florida when we proved that our quadriplegic plaintiffs could not physically travel to Florida or litigate there).

46.   In March, 2001, we completed an action which resulted in all campus buildings at Sonoma State University being made fully accessible for disabled persons. (Sher Sheldon-Lander, et al. v. Sonoma State Univ., et al., U.S.D.C., N.D.Cal., Case No. C00-1607 SBA.)

47.   My current billing rate of $395/hr. is justified by prevailing market rates, and has been approved by District Court judges in contested fee litigation in two 2003 federal cases (Chavez v. Chevy's and Shapiro v. 3030 Bridgeway), and in the recent (2004) attorney fees decision by Judge Wilken in George, et al. v. BART, Case No. C00-2206 CW.)  My rate is lower, as noted,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -22-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

than that of attorneys with less experience (see ¶ 24), and less than that approved

11 years ago in <u>Bihune v. AT&T Information Services</u> 13 Cal.App.4th 976, a

<u>1993</u> opinion which upheld a Civil Rights attorney fees award of <u>$450/hr.</u> to

attorney Lawrence Grassini, admitted to the Bar in 1971, two years <u>after</u> I was

admitted.

48.     My current hourly rate of $395/hr., maintained unchanged for

three years, is a reasonable rate for an attorney with my specialized experience

and knowledge.  In conjunction with <u>prior</u> attorney fees motions we have used the

Declaration filed by Richard Pearl, Esq., author of the CEB publication <u>California</u>

<u>Attorney Fees Awards</u>, Second Edition, in <u>Hankins v. El Torito</u> (Exhibit 16)  A

more recent declaration by Mr. Pearl <u>(September 14, 2000)</u> (Exhibit 17) was filed

three years ago in conjunction with an attorney fees motion in <u>Hasan v. Contra</u>

<u>Costa County, et al.</u>, U.S.D.C., No. C99-0084 WHO (a case in which this office

was <u>not</u> involved).  That declaration indicates even more clearly that the attorney

fees rates sought by myself and the other attorneys in this action are quite

reasonable when compared to those billing rates surveyed by Mr. Pearl, especially

in light of our specialized experience in this field.

49.     My then current rates were approved in an order by Alameda

County Superior Court Judge Jacqueline Taber in <u>Michael Pachovas v. City of</u>

<u>Berkeley, County of Alameda</u>, Alameda County Superior Court Action No.

713973-8 (described in ¶ 41), a case which resulted in accessible courthouse, city

jail and county jail facilities in Berkeley and at the Santa Rita County Jail.  The

1997-1999 rate of $325/hr. was approved by Judge Robert McGrath of the Contra

Costa Superior Court in a contested fee motion in <u>Millard v. Denny's</u>, (No. C96-

04412), and by Judge Ken Kawaichi in a contested fee motion in <u>Jorgensen v.</u>

<u>Denny's, Inc., Flagstar Corp.</u>, Alameda County Superior Ct., Action No. 745658-9

(Exhibit 14).  During 2000, the fee order in <u>Atwood v. El Torito Restaurants,</u>

<u>Inc., et al.</u>, Alameda County Superior Ct., No. 677858-1, by Judge Joseph Carson,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -23-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  set my rate at $325/hr. for work done <u>1997</u> through 1999.  This court also

2  awarded a 1.5 public interest multiplier enhancement per § 1021.5 California

3  Code of Civil Procedure for my work on this case from 1991-1999.  (Exhibit 18)

4        50.     Attached (Exhibit 19) is an order from <u>Hankins v. El Torito</u>

5  <u>Restaurants, Inc., et al.</u>, setting my rate at $310/hr. for <u>appellate work</u> eight years

6  ago in <u>1996-1997</u>. (San Mateo County Superior Court Action No. 376192.)  The

7  court, Hon. Walter Harrington, Presiding Judge for San Mateo County, also

8  awarded a 1.4 multiplier because of "the importance of the issues  involved in the

9  appeal of this matter to a substantial portion of the public," referring to the

10 published opinion in <u>Hankins v. El Torito Restaurants, Inc., et al.</u> (1998) 63 Cal.

11 App.4th 510.  (This case held, inter alia, that § 54.1 Civil Code could be violated

12 by a <u>policy</u> as well as by physical barriers.  See ¶ 40, infra.)

13       51.     My previous hourly rate in disabled access cases under the

14 ADA and state law was approved at $375/hr. (for work done <u>1998-2000</u>), by

15 Judge Judith Ford in <u>Massey v. Kaiser, et al.</u>, Alameda County Superior Court,

16 Action No. 794100-3 (Exhibit 20) (which order included a 1.1 multiplier), and in

17 <u>Shirley Hager & Charles Hager v. Econolodge, et al</u>, U.S.D.C., (N.D.Cal.) Case

18 No. C98-20780 PVT, by order of Northern District Chief Magistrate Judge

19 Patricia Trumbull (Exhibit 21).

20       52.     Because my office is devoted full time to obtaining the public

21 interest objective of full disabled access to all public facilities, an award of full

22 fees will help to keep our private public interest practice in operation, a practice

23 which, over the past 30 years - by investigation, followed by letter and "threat" of

24 litigation - has also been successful in getting at least <u>several hundred</u> public

25 facilities being made accessible to disabled persons on a pro bono basis, without

26 litigation and without any compensation for attorney fees, litigation expenses and

27 costs.  (Per his request, for three years we annually supplied Northern District

28 Magistrate Judge Wayne Brazil with updated lists of several hundred public

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                    -24-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   accommodations to which we had sent detailed requests for "voluntary" provision

2   of access, without any lawsuit or any request for damages or attorney fees.)

3        53.   It has been my experience that there is often reluctance by

4   defendants to pay for <u>all</u> hours of a plaintiff's attorney's work, hoping for a

5   discount.  However, just as defense counsel are paid on an hourly basis for all the

6   work they do, plaintiff's attorneys are also entitled to <u>full</u> "compensation for <u>all</u>

7   <u>hours</u> reasonably spent." (See <u>Serrano v. Unruh</u> (1982) 32 Cal.3d 621, 639.)

8        54.   I believe a reasonable current hourly rate for the work of my

9   co-counsel, attorney Patricia Barbosa, a state-wide recognized expert on federal

10  and state access regulations, is $375/hr., based on her specialized experience and

11  skills. Ms. Barbosa, with our office for the past six years, spent 12 of her 19 years

12  as an attorney with the California Attorney's General's Office, the last six years in

13  the Civil Rights Enforcement Unit, specializing in disability rights enforcement,

14  overseeing county and city building departments and conducting investigations

15  on behalf of the Attorney General.  Additionally, Ms. Barbosa conducted public

16  education seminars for state and municipal agencies in the interpretation and

17  implementation of access laws and regulations.  After leaving the Attorney

18  General's Office Ms. Barbosa acted as a private consultant for state and local

19  agencies, both as attorney and as access consultant for technical compliance of

20  disabled access regulations.  Ms. Barbosa's experience includes being adjunct law

21  professor for civil rights at Trinity Law School, seminar speaker, and editor of the

22  Attorney General's handbooks for disability and women's rights. [Please see

23  details in Ms. Barbosa's accompanying declaration.]  Her 2001-2003 rates were

24  specifically approved by the courts in <u>Chavez v. Chevy's</u>, <u>Shapiro v. 3030</u>

25  <u>Bridgeway</u>, and <u>George v. BART</u>, all discussed supra.

26       55. I personally advanced all court costs and litigation expenses in

27  these five cases, totaling $21,928, including expert consultant fees recoverable

28  (per <u>Beasley v. Wells Fargo Bank</u>, 235 Cal.App.3d 1419, 1422), under § 1021.5

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH
-25-
S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   Code of Civil Procedure, and specifically authorized as "litigation expenses" by §

2   505 and regulation § 36.505 of the ADA.  Such litigation expenses included, for

3   example, those for expert access consultants Barry Atwood of Accessible

4   Environments, Inc. and Jonathan Adler of Access Compliance Services, whose

5   personal inspections and subsequent reports established the basis on which a

6   summary judgment motion would have been brought in the event defendants had

7   continued to refuse to provide access rather than agreeing to do so at the second

8   settlement conference.  (Mr. Atwood, who uses a wheelchair, investigated the

9   exterior of the premises as part of plaintiff's good faith assessment of access

10  deficiencies prior to our determination to file these five lawsuits.  However, when

11  interior site inspection by an expert was necessary during the litigation, I had to

12  hire a different, able-bodied consultant (Jonathan Adler) to do the five site

13  inspections as Mr. Atwood was unable to enter any of the motel offices or most of

14  their guest rooms in his wheelchair because of the access deficiencies.

15  Verifications for plaintiff's litigation expenses and costs that I have personally

16  advanced, are attached as Group Exhibit 8.

17      56.    Handling civil rights cases on a contingent fee basis, and

18  receiving attorney fees incurred and reimbursement of advanced litigation

19  expenses (including expert consultant witness fees and costs) only if the case is

20  won, is sometimes a risky business.  The "risk" factor is appropriate for

21  consideration of a lodestar enhancement or "multiplier," per the California

22  Supreme Court's standards in <u>Ketchum v. Moses</u>, (2001) 24 Cal.4th 1122.  In

23  cases which are investigated by our office, but where remedies are pursued on a

24  voluntary basis - for example, where defendants (when contacted informally)

25  agree to promptly provide appropriate access without litigation - no fees are

26  sought or recovered.  In any cases that are investigated but cooperatively settled

27  without claim for damages or fees, and not pursued in court, even when the public

28  interest is enhanced by access improvements, no fee is recovered.  We, of course,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -26-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   receive no statutory fees in any case that we might take on a contingent fee and

2   ultimately not "win," even if a case is dismissed for lack of "standing" when a

3   business chooses to close before it has provided access.  In the instant five

4   "Tahoe" cases, our law firm took an increased risk by continuing the litigation

5   even after defendants claimed they had no liability and claimed they had good

6   reason to avoid providing access because the properties were "about to be" razed

7   as part of a redevelopment project.

8          57.     The overly publicized case of <u>Diane Zum Brunnen v. Mission</u>

9   <u>Ranch, et al.</u>, U.S.D.C. (N.D.Cal.) Case No. C97-20668 JW, is an example of

10  attorney fees <u>losses</u> and litigation expense <u>losses</u> relevant in evaluating the "risk"

11  factor for attorneys handling disability access cases on a "recovery only if you

12  win" statutory attorney fees basis.  (Cf. <u>Ketchum v. Moses</u> (2001) 24 Cal.4th

13  1122.)  In the <u>Mission Ranch</u> (resort hotel and restaurant) disabled access case

14  against resort owner/movie celebrity Clint Eastwood, defendants provided certain

15  access improvements <u>after</u> they were sued, but refused <u>any</u> offer to settle the case

16  and forced the case to trial (in part because defendants' insurance company

17  withdrew coverage during the litigation).  After four years of litigation and four

18  separate and extensive motions for preliminary injunction and summary judgment

19  motions by both parties, the public interest was improved by an access ramp to

20  the hotel office, provision of multiple disabled parking places, provision of two

21  accessible guestrooms, and provision of signs indicating the location of an

22  accessible restroom (although this restroom was 240 feet from the restaurant).

23  However, following a jury trial, and although the jury found Eastwood <u>liable</u> on

24  three separate bases, the jury refused to award any "actual" damages.  The court

25  subsequently refused to order <u>any</u> additional injunctive relief, and declined to

26  even award any statutory damages (despite the requirements for a $1,000 per

27  violation minimum damage award under § 54.3 Civil Code, as held by the 9th

28  Circuit in <u>Botosan v. McNally Realty, et al.</u> (2000) 216 F.3d 827).  The <u>Mission</u>

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -27-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1  Ranch court also _refused_ to award _any attorney fees, litigation expenses and costs_.

2  After plaintiff filed her appeal, a magistrate judge supervised settlement

3  conference was held in District Court.  Because the disabled plaintiff did not wish

4  to proceed with the appeal, _for personal reasons_, plaintiff agreed to accept a total

5  of $50,000 in settlement, representing approximately _one-third of the out-of-_

6  _pocket costs and litigation expenses_ our office had advanced on the case.  We lost

7  all fees for the work we had done on our most heavily litigated case over a four

8  year period, and did not recover any attorney fees.  (Ironically, defendant Clint

9  Eastwood, dba Mission Ranch, Inc., _recovered $500,000_ reimbursement for _his_

10  defense attorney fees_from his insurance carrier_, Cal Farm, _verified on the record_

11  _at the same settlement conference_, as a settlement in the "bad faith" insurance

12  lawsuit Eastwood had filed (in State Court) against Cal Farm.  A copy of the

13  October 23, 2001 settlement transcript is attached as Exhibit 22.)  In two other

14  recently dismissed cases co-counseled by our office, the defendant businesses

15  closed while a plaintiff's motion for summary judgment was pending before the

16  court, resulting in a dismissal of the federal ADA case and a loss to plaintiff's

17  attorneys of compensation for the work they had done in attempting to obtain

18  ADA compliance.  (Tom Fisher v. Team Players, et al. (E.D.Cal.)  Case No. CIV-

19  S-02-1786 LKK/DAD; Carolyn Martin v. Water Sreet Grille, et al. (N.D.Cal.)

20  Case No. C02-4062 SBA.)

21       58.    A public interest multiplier enhancement under California law,

22  per §1021.5 California Code of Civil Procedure, is potentially available in federal

23  court per Crommie v. State of California, et al. (1994) 840 F. Supp. 719, and

24  affirmed by Mangold; Crommie v. California Public Utilities Comm'n et al. (9th

25  Cir. 1995) 67 F.3d 1470.  In the Bay Area, such multipliers have been set at 2.0 or

26  more.  (Cf. Crommie, supra.)  For example, in Chabner v. United of Omaha Life

27  Insurance Co., U.S.D.C., C95-0447 MHP (1999) (Exhibit 24), affirmed on appeal

28  at 225 F.3rd 1042, 994 F.Supp. 1185, Chief Judge Marilyn Hall Patel awarded Sid

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -28-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1   Wolinsky, Larry Paradis, and other attorneys at Disability Rights Advocates

2   (DRA) a 2.0 multiplier for all their work in a disability rights case dealing with

3   discriminatory rate setting for life insurance involving physically disabled

4   persons out of proportion to life expectancy rates.  As noted, plaintiff's attorneys

5   Paul Rein and Patricia Barbosa were recently awarded a 1.2 multiplier by Judge

6   Thelton Henderson pursuant to a contested fee motion in <u>Chavez v. Chevy's</u>,

7   supra, Order of March 27, 2003 (Exhibit 9).  Per ¶¶ 49-51, supra, multipliers

8   were previously awarded plaintiff's counsel in a number of state court actions.

9         59.   <u>Plaintiff requests that the Court consider awarding an</u>

10  <u>appropriate public interest and contingency risk multiplier</u> to plaintiff's attorney

11  fees in this case, in that this lawsuit has obtained a significant public interest

12  result and was handled by a small (three attorney) plaintiff's firm, at the risk

13  involved in handling the case on a contingent basis (cf. <u>Ketchum v. Moses</u>,

14  supra).  Plaintiff requests that the Court consider, in its discretion, some amount

15  of multiplier in this case.  For example, in a prior disability rights case, an

16  enhancement multiplier of 2.0 of plaintiff's attorney fees was set by Chief Judge

17  Marilyn Hall Patel in <u>Chabner v. United of Omaha Life Insurance Co.</u>, supra. ¶

18  58.

19        60.   Plaintiff's attorneys have worked on this case on a purely

20  contingent fee basis for more two years since our client first contacted us in

21  September, 2002, and have advanced $21,928 in out of pocket costs and litigation

22  expenses, with no certainty that these amounts would ever be recovered

23        61.   The total fees requested by plaintiff are detailed as follows:

24  Paul Rein, Esq.                        235.5 hrs. @ $395/hr. = $93,023
    Patricia Barbosa, Esq.                  96.7 hrs. @ $375/hr. = $36,263
25  Julie McLean, Esq.                     123.9 hrs. @ $225/hr. = $27,878
    Scott Holmes, Senior paralegal          31.9 hrs. @ $125/hr. = $  3,988
26
27        Total attorney fees:                                    $161,152

28        Litigation expenses and costs (inc. $13,270
          for access consultant Jonathan Adler, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH                -29-                    S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd

1        $3,410 for access consultant Barry Atwood).                    $ 21,928

2

3    Total fees, litigation expenses and costs:                    $183,080

     [Please note that the above hours are to date only, and do not include any time
4
     for preparation of a Reply to defendants' Opposition, nor for preparing for and
5
     attending the hearing on this motion; these figures also do not include any
6
     multiplier enhancement that the Court may set in its discretion.]
7

8

9
            I declare the above statement to be true and correct to the best of my
10
     knowledge and so declare under penalty of perjury on December 29, 2004, in the
11
     City of Oakland, California.
12

13

14
                                        _____
15                                      PAUL L. REIN
                                        Attorney for Plaintiff
16                                      ANDI MILLARD

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

DEC. OF PAUL L. REIN IN SUPPORT OF MOTION FOR
ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
CASE NO. CIV-S03-1467 WBS/GGH          -30-          S:\SLR\LA BAER\ATTYFEESPLRDEC.PL.wpd