PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE A. MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff:
ANDI MILLARD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ANDI MILLARD,

Plaintiff,

v.

LA BAER INN; EDWARDS 1991 REVOCABLE TRUST; and DOES 1 through 35, Inclusive,

Defendants.
_____________________________/

CASE NO. CIV-S03-1467 WBS/GGH

Civil Rights

RELATED CASE NUMBERS
CIV-S03-1468 WBS/GGH
CIV-S03-1480 WBS/GGH
CIV-S03-1481 WBS/GGH
CIV-S03-1482 WBS/GGH

Date: February 7, 2005
Time: 1:30 pm
Judge: Hon. William Shubb

**DECLARATION OF PATRICIA BARBOSA IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, LITIGATION EXPENSES AND COSTS**

TO THIS HONORABLE COURT:

I, PATRICIA BARBOSA, declare:

1. I am an attorney licensed to practice in the state of California, and in the Eastern, Northern, Central and Southern Federal Districts, all in good standing. I am an attorney with the Law Offices of Paul L. Rein, attorneys for plaintiff. I am

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 1-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

familiar with the facts on file, and if called as a witness, I would and could testify as follows:

2. This declaration is in support of plaintiff's motions for an award of statutory attorney fees in the five separate but related public interest disabled access lawsuits filed under the Americans With Disabilities Act of 1990[1] and related California disability access laws (in effect since 1970). At the request of the defense counsel who appeared separately in each of the five independent actions, these five cases were related and were settled together as part of two successive settlement conferences held with Magistrate Judge Gregory Hollows.

3. The substantial amount of attorney fees and costs incurred in this case are largely attributable to the fact that plaintiff's counsel had to investigate, evaluate and determine injunctive relief and liability for five separate motels, as well as obtain damages for the plaintiff resulting from her denial of access in five separate public accommodations. In addition, the evaluation of liability and the resolution of injunctive relief, as well as negotiations of damages were made much more difficult and involved much more time due to certain frivolous and unsupported defenses raised by defense counsel that bogged down settlement negotiations. It is this counsel's opinion, based on investigation to be described hereinbelow, that the affirmative "defenses" raised by defendants were not

[1] See § 505, 42 USC 12205 and, regarding state law, under §§ 54.3 and 55 California Civil Code, §19955 Health & Safety Code, and §1021.5 Code of Civil Procedure.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 2-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

based on any supporting evidence or good faith belief.

4. Notwithstanding the apparent inaccurate representations and misdirection by defendants and their counsel, plaintiff obtained excellent results and is responsible for making five moderately priced motels in the busiest tourist section of South Lake Tahoe accessible to persons with mobility disabilities. The renovation of five moderately priced motels for access represents an even more important public interest benefit because persons with disabilities now have a choice in lodging with a variety of prices and locations when visiting the South Lake Tahoe area. All five of these motels that are the subject of the five lawsuits are located within two blocks of the Stateline casinos.

5. Factors to be considered in determining reasonable attorney fees and costs include the following:

**I. PUBLIC BENEFITS RESULTS OBTAINED BY PLAINTIFF'S LAWSUIT:**

6. The City of South Lake Tahoe is a popular tourist town both in the winter and the summer. The resurgence of the gambling industry has resulted in the construction of several large, new hotels, with high priced accessible rooms. However, a number of the smaller, more moderately priced motels and hotels in the City have not complied with obligations for providing disabled access, either under the "readily achievable" requirements under the ADA, or when renovations have been undertaken at the hotels and motels. Therefore, when plaintiff arrived looking for a modestly priced accessible

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 3-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

motel room she was not able to find one. Plaintiff went to five moderately priced motels (with different owners and different facilities) in an attempt to find a moderately priced accessible guestroom only to discover that none of these five motels had accessible parking, an accessible entrance to the motel office or any accessible guestrooms. (Plaintiff tried these and other motels, finally finding an accessible room several miles further away from Stateline.)

7. As the result of plaintiff's five lawsuits, all defendants signed Consent Decrees which required that each defendant provide at least one accessible guestroom (at all five motels), that will allow disabled persons to enjoy this popular tourist area. We also obtained van-accessible parking spaces, and obtained a modification of policies for disabled guest's reservations. These are clear and substantial public benefits obtained by plaintiff's counsel under difficult circumstances.

8. When we filed these five lawsuits as plaintiff's counsel, there was no way to foresee that all five sets of defendants – the owners and operators of the five separate motels – would all hire the same law firm and seek to have the five cases related.

9. Plaintiff's five lawsuits were necessary in large part because an enforcement action under Title III of the ADA by a private litigant is the only meaningful enforcement available to carry out the public purposes of the ADA for a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 4-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

single incident of discrimination.[2] Plaintiff's lawsuits also have a strong educational effect on the surrounding businesses in a community such as South Lake Tahoe. The lack of access prior to plaintiff's lawsuit is demonstrated by the fact that plaintiff went to these five motels (and several others, which were not sued) without finding even one accessible parking space, or one accessible guestroom. Without plaintiff's persistent demand that access be provided to disabled persons, especially those unable to afford the higher priced rooms at large casino hotels, disabled persons would still be required to leave the downtown area to find a moderately priced hotel room.

10. These cases, like other disability access cases filed by this office (which has been representing physically disabled persons for 30 years), are directed toward obtaining basic access for disabled persons in the public interest. As cited by Judge Thelton Henderson in a previous Northern District case handled by this office:

> The ADA creates the possibility that successful plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. (42 USC 12101(a)(5).) The benefits of such changes clearly redound not only to the plaintiffs themselves, but to similarly situated disabled persons, and the entire society at large. As a result, plaintiffs or plaintiff classes who bring suit pursuant to the ADA do so in the role of "private attorneys general" who seek to

---

[2] The Department of Justice enforcement actions are generally limited to a "pattern and practice" of discrimination or an issue of general public importance, and not for a single incident of discrimination. (See 42 USC 12188(b).) Local building departments do not enforce the ADA. (See 93 Cal. A.G. Op.203, **Exhibit 23** to Rein Dec.) I am aware of patterns of enforcement, for example, based on the 12 years I spent with the California Attorney General's Office, the last six years spent with the Civil Rights Division Enforcement Unit. (See ¶ 30 of this Declaration, *infra*.)

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 5-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

> vindicate "a policy 'of the highest priority.'" (Walker v. Carnival Cruise Lines 107 F. Supp. 2d 1135, 1143 (N.D. Cal. 2000); emphasis added.)

11. In addition to obtaining injunctive relief, plaintiff's counsel obtained $5,000 in damages from each of the five motels for a total amount of $25,000 as statutory compensation to plaintiff for the multiple acts of discrimination. Discrimination against persons with disabilities such as plaintiff, who are deterred from traveling because of the lack of accessible accommodations, causes real damages. The award of significant damages is also an important educational tool to inform other businesses in this area and the public of the serious consequences of disability discrimination. As recognized by the California Supreme Court in the Moorpark decision:

> Disability discrimination is indistinguishable in many ways from race and sex discrimination. Specifically, it can "attack the individual's sense of self-worth in much the same fashion as race or sex discrimination."[3]

12. By obtaining a total of $25,000 damages for plaintiff Andi Millard, plaintiff's counsel obtained five times more damages than the minimum $1,000 statutory damages provided under Civil Code §54.3, from each defendant. (Plaintiff's counsel takes no portion of our clients' damages recovery in any lawsuit, relying on statutory attorney fees.) Obtaining even minimum statutory damages may be the basis for an award of full attorney fees. (See, James Donald v. Cafe Royale (1990) 218 Cal.App.3d 168.)

[3] City of Moorpark v. Superior Ct., (1998) 18 Cal.4th 1143, 1160

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 6-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

**II. AMOUNT OF WORK INVOLVED OBTAINING ACCESS AT FIVE MOTELS:**

13. It is a prevalent theme at settlement conferences for defendants to claim that substantial work on behalf of plaintiff was not "necessary" because defendants expressed an interest in an "early" settlement. However, defendants' claim that they sought an early settlement in these five cases is meaningless, because defendants did not agree to provide any usable and accessible guestrooms and represented that they would fight liability. Defendants claimed no renovations for access were justified because all five of the motels were about to close because of a purported "imminent" construction project for a new Convention Center by the City of South Lake Tahoe. However, the Memorandum of Understanding (MOU) between the City and a private developer had never led to an agreement to develop a convention center, much less the imminent demolition of the five motels. The MOU cited by defendants had been in effect for eight years without any development taking place. Defendants steadfastly refused to provide access until plaintiff uncovered defendants' misrepresentations regarding the supposedly "imminent" "closure" of all five motels, and plaintiff's attorneys' instituted discovery which would eventually prove liability.

14. Plaintiff's counsel specialize in disability access litigation and have a unique expertise in successfully handling these cases. Our office has handled disability discrimination cases for 30 years. Before a case is filed, the plaintiff is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 7-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

carefully interviewed and the facilities are evaluated to determine the barriers and verify plaintiff's complaint. Cases brought under the ADA or California civil rights laws require an inspection of the facilities, in addition to obtaining and reviewing the construction history of each facility to determine liability and the level of injunctive relief needed and legally required. Plaintiff's counsel personally inspect each facility prior to filing a lawsuit, and generally also require the informal exterior inspection by a trained consultant. This investigative work by counsel is necessary to properly evaluate each case for Rule 11 compliance, to ascertain a good faith basis for liability before filing, and to evaluate the physical facilities involved and assist in preparation of plaintiff's complaint. In this case, plaintiff Andi Millard complained of five motels located in South Lake Tahoe, which required substantial travel and inspection of multiple facilities.

15. Plaintiff's counsel in the Rein Law Offices only accept cases in which we can obtain a substantial public benefit by making buildings accessible to the disabled public. Plaintiff's counsel does not accept cases that are limited to damages, or where meaningful access is not possible.

16. One distinction in this case that greatly increased the costs of litigation has been the defense tactics of raising affirmative defenses that defendants knew or should have known were false and misleading. While counsel is hesitant to discuss defendants' litigation tactics, it would unfair to plaintiff to evaluate her request for attorney fees without

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 8-

S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

taking into consideration the verifiable misrepresentations that delayed resolution and greatly increased the cost of litigation in these five matters.

17. Delaying tactics in investigating the motels: Plaintiff made a request to defendants at the early "meet and confer" phone conference requesting that plaintiff's expert be permitted to inspect the five motels to identify barriers and to advise plaintiff in making her demand for access compliance improvements as needed for injunctive relief. Instead, defendants asked that plaintiff make a monetary "demand" without inspecting any of the facilities at the five motels, including parking and guestrooms. (See, **Exhibit A**, Brophy letter of August 12, 2003.) Defendants would not cooperate on scheduling a site inspection of the five motels, instead complaining in the Joint Status Report that no inspection was "necessary" because plaintiff's counsel Paul Rein had seen the exteriors of these motels as part of a preliminary merits evaluation before accepting any of these cases. (See **Exhibit E**, pp. 10, 11 and Ex. 1 attached to the Joint Status Report.) Plaintiff's attorneys only saw the parking lot and office for each of the five facilities and could not inspect any of the five motels' guestrooms with regard to accessibility. A careful inspection of the guestrooms was essential to both verify the lack of access and provide possible solutions and cost estimates. (See, Parr v. L&L Drive Inn, (HA DC 2000) 96 F.Supp 2d 1065, discussing requirements to prove "readily achievable" barrier removal.) In several of the motels, interior paths of travel leading from proposed accessible

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees:
Case No. CIV-S03-1467 WBS/GGH** - 9-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

parking to proposed accessible guest room sites were also needed.

18. Because of defendants' (through the same defense counsel) delaying tactics and lack of cooperation in scheduling site inspections for the five motels, plaintiff was forced to prepare formal discovery and to serve defendants with Notices of Inspection under FRCP Rule 34(a) to require defendants to permit the necessary site inspections. Such formal notice followed months of delay while we sought a "cooperative" site inspection. Even after defendants were served with Notices of Inspection as to each of the five motels, defendants tried to further delay the inspections, even though I informed defense counsel Carol Brophy that delaying the inspection until December would make the inspections more difficult, if not impossible, due to snow and inclement weather. Plaintiff finally advised defendants that plaintiff would bring a motion to compel the inspections, and scheduled a "meet and confer" on this issue. It was not until the "meet and confer" that defendants' agreed to the inspections, but not until mid-November, when the inclement weather had already begun. (See, **Exhibit B**, correspondence requesting "meet and confer" for motion to compel inspection, dated October 27, 2003.) The five detailed reports by plaintiff's expert, Jonathan Adler of Access Compliance Services, prepared following these inspections, (identifying barriers and recommending solutions) were the basis for settlement of plaintiff's injunctive relief demands.

19. Plaintiff believes that defendants unreasonably

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 10-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

obstructed plaintiff's ability to inspect the five motels and make her demand for injunctive relief in an attempt to "moot out" the case by making changes at the motel before plaintiff inspected the guestrooms, or force plaintiff to withdraw her request for any meaningful injunctive relief. While defendants' counsel was refusing to schedule a site inspection for October, she wrote to the City of South Lake Tahoe demanding that they approve a proposed "convention center" project because any delay in the development of the convention center would adversely affect her clients' case with plaintiff:

> The Property Owners believe that if the City Council takes steps to demand that Project 3 go forward, the federal court may dismiss the cases as moot, or alternatively, that plaintiff will significantly lower her demands and exhibit a greater willingness to settle.
> (See, **Exhibit C**, October 14, 2003 letter (Bate Stamped Nos. 00006-00008) to City Council of South Lake Tahoe; letter was obtained by plaintiff under a Public Records request to the City of South Lake Tahoe.)

Defendants' were at the same time representing to the Court that the proposed convention center development was "imminent" and would result in the demolition of the motels, as their excuse for refusing to provide any access. (See, **Exhibit E**, Joint Status Report, p.10:11-17, defendants' position claiming any disabled access improvements would be demolished soon thereafter as part of redevelopment plans.) Defendants represented to this court that plaintiff's actions to obtain access were "futile":

> Thus, any disabled access improvements would be futile since the entire facility will be torn down to make way for the new convention center.

20. Defendants significantly delayed the inspections and forced plaintiff to use formal discovery to compel the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees:
Case No. CIV-S03-1467 WBS/GGH**
- 11-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

inspections, and then delayed any commitment to provide any meaningful injunctive relief, all the while asserting a position defendants' knew to be false; that the subject properties were about to be demolished to construct a Convention Center.[4]

21. Defendants' delaying tactics in providing discovery to substantiate frivolous defenses. Defendants continued to claim that providing disabled access was a "futile" gesture because all five of the motels were on the verge of being demolished, and made such claims up to and including the two settlement conferences with Magistrate Judge Gregory Hollows, although defendants had received a clear statement from the City of South Lake Tahoe that the MOU had not been extended and the proposed convention center plans had fallen through. (See, **Exhibit D**, Defendants' settlement conference statement, dated February 9, 2004 and **Exhibit E**, Joint Status Report, pp. 9-10.) Defendants claimed that the City of Tahoe had a development plan and a Memorandum of Understanding (now seven years out of date) that would result in the construction of new facilities. Defendants' counsel continued making these misleading statements both to plaintiff and to the Court even after defendants were informed by the City's attorneys that the development of a convention center might never be constructed and that "planning regarding the proposed project has never,

[4] In fact, by letter of October 28, 2003, **Exhibit C**, Bate Stamped Nos. 00003-00005, the City of South Lake Tahoe wrote Ms. Brophy to let her know that the Memorandum of Understanding for the proposed convention center had not been extended. Any new plans for renovations would have to begin all over again, and may never be done.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 12-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

and may never be completed...". (See, **Exhibit C**, Bate Stamped Nos. 00003; letter dated October 28, 2003, from the City of South Lake Tahoe to defendants.)

22. Defendants and their counsel were informed by the City in writing that no project was imminent on October 28, 2003. Despite this knowledge by their counsel, defendants appeared at two settlement conferences - on February 17, 2004 and March 26, 2004 - and made the same false representations to the settlement court that the City would soon "demolish" the motels in an attempt to pressure plaintiff and mislead Judge Hollows. Defendants sought to urge the Court to pressure plaintiff into dropping her demands for disabled access since any disabled access would be a "futile" gesture if the motels were shortly scheduled to be torn down.[5]

23. Since defendants had failed to provide plaintiff with any documentation regarding the proposed development "plan," plaintiff made a public records request to the City of South Lake Tahoe on October 29, 2003, asking for information regarding the proposed development, and any plans by the City to demolish defendants' motels. The City of South Lake Tahoe responded by providing plaintiff with a copy of the letter from Ms. Brophy, (defendants' counsel) dated October 14, 2003, demanding that the City immediately begin development of the proposed convention center. (See, **Exhibit C**, Bate Stamped Nos. 00006-00009; copy of Ms. Brophy's letter to the City.) The

---

[5] Several of the defendants, have now written to plaintiff's counsel confirming that the agreed access has now been provided. See, **Exhibit H**, letters of 8/23/04 and 9/12/04 from owners of two motels.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees:
Case No. CIV-S03-1467 WBS/GGH**
- 13-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

City had responded to defense counsel by clarifying that the MOU was only a negotiation document; that there were no current plans to develop the convention center; and that the convention center might never be developed. The City also refuted defendants' claims that the MOU had prevented defendants from selling their motels or obtaining permits for ADA renovations, during the nine years that the MOU had been in existence.

> The Agency is aware of property owners in Project Area #1 who have sold their motels on the open market at or near the asking price. The City's files also reflect that other Motels in Project Area #1 have: (1) applied for permits, received permits, and completed remodeling associated with ADA compliance, or applied for permits, received permits, and completed other improvements to their property. (See, **Exhibit C**, Bate Stamped Nos. 00004, copy of November 4, 2003 letter to plaintiff's counsel Julie McLean, enclosing the City's October 28, 2003 letter to Ms. Brophy answering defendants' letter of October 14, 2003.)

24. Because of defendants' uncooperative attitude during this litigation, plaintiff's counsel has had to verify and recheck many defense representations before relying on such representations. Had plaintiff not sought to verify defense counsel's misrepresentations about the "imminent" destruction of the five motels, Magistrate Judge Hollows' initial suggestion (based on defendants' false misrepresentations) that plaintiff and her counsel accept a settlement without any accessible guestrooms) might have been successful, and the public interest would not have been served!

25. In addition to the misleading information regarding the "imminent" demolition of the five motels, defendants raised the affirmative defense that barrier removal was "not readily achievable" due to the relative "poverty" of each of the five

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees:**
**Case No. CIV-S03-1467 WBS/GGH** - 14-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

sets of defendants. It is an affirmative defense for each defendant to claim that barrier removal is not "readily achievable." (See 42 U.S.C. 12181(9), with standards recognized in Botosan v. McNally Realty, et al. (9th Cir. 2000) 216 F.3d 827.) By raising the affirmative defense that none of the work was "readily achievable," defendants made the "overall financial resources" of all defendants an issue in the five cases, requiring plaintiff to seek and obtain information regarding defendants' "overall financial resources".

26. Whether a particular barrier is "readily achievable" depends on the statutory factors defining "readily achievable," which include an evaluation of the "overall financial resources" of all defendants compared to the cost of the barrier removal. (ADA §301(9), 42 USC 12181; see Botosan v. McNally Realty, et al., *supra.*) Plaintiff propounded discovery requesting defendants' "overall financial resources," which discovery defendants initially stonewalled. Finally, under this Court's protective order, defendants submitted a partial set of financial records, but these records were incomplete, and included no information prior to 1997 (whereas the ADA obligation to remove barriers began in 1990). For example, plaintiff's counsel learned that the owners of the Travel Inn also own two other motels in Lake Tahoe-Days Inn and Econo Lodge-for which no financial information was provided. Other defendants appeared to own other motels, stocks, real property and other financial resources, all of which information had not been provided in defendants' discovery responses. Defendants claimed poverty, while hiding relevant

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 15-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

information from the Court and plaintiff. These tactics delayed resolution and increased litigation costs.

27. Defendants steadfastly refused to provide disabled access: While defendants claimed that they wanted an early settlement, they steadfastly refused to agree to provide any disabled access based on: (1) their false claims it would be a "futile" gesture because the motels would be demolished; and (2) unsubstantiated claims of "poverty." Any claims that this litigation was unnecessary or artificially prolonged must be judged by comparing what defendants offered in settlement prior to the two settlement conferences with Magistrate Judge Hollows, and what damages and more importantly, injunctive relief were finally obtained by plaintiff. I personally discussed with defense counsel Carol Brophy very early in the case that, due to defendants' claims that the motels would "soon" be demolished, that plaintiff would accept minimal access to settle the case. I informed Ms. Brophy that plaintiff would require one van-accessible parking space; one usable entrance to the motel office (so a disabled person could book a guestroom); and one accessible guestroom (a minimum of two are statutorily required for three of the five motels because they each have more than 25 guestrooms). Plaintiff offered not to require an accessible path of travel to all of the guestrooms constructed or renovated after 1971, and no related facilities such as laundry, retail store or swimming pool would have to be made accessible, even though we believed that such access was required by existing legal requirements. Defendants, however steadfastly refused to agree to provide any

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 16-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

accessible guestrooms, parking or motel entrances. Not until the last settlement conference, at which plaintiff demonstrated by documentary evidence obtained from the City of South Lake Tahoe, that defendants had misrepresented the actual status of the "Memorandum of Understanding" (MOU) between the City and the developer, did defendants finally agree to provide one accessible guestroom for each of the five motels and provide one van-accessible parking place. Plaintiff had to threaten bringing a motion for summary judgment, enforcing outsgtanding discovery requests and bringing additional discovery, in order to persuade defendants to accept even minimal disabled access. Defendants' offer to do only what they considered "readily achievable" was a meaningless offer, since defendants would not agree to provide at least one accessible guestroom, service at the motel office, or minimal accessible and van-accessible parking.

**III. EXPERIENCE AND BACKGROUND INFORMATION:**

28. True and correct copies of my timesheets for my work on this matter, are attached as **Exhibit G**, and incorporated herein by reference. The entries were kept contemporaneously with the work done.

29. My rate is based on my education, experience, knowledge and qualifications as an expert in the field of civil rights for persons with disabilities, summarized as follows:

30. I practiced for twelve years as a deputy attorney general with the California Department of Justice, Office of the Attorney General, since 1986. For the last six years of my

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 17-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

tenure, I specialized in enforcing disability rights on a statewide basis with the Civil Rights Enforcement Unit in Los Angeles. As a Deputy Attorney General I conducted investigations on behalf of the Attorney General concerning the ADA and California access laws and statutes. I investigated and settled disabled access complaints against private businesses of every type and size, as well as complaints against public entities, including enforcement actions against cities, and counties for failing to remove architectural barriers. I was counsel for multiple state agencies, including the California State Building Commission, the Division of the State Architect, the State Historic Board, the Department of Fair Employment and Housing, and the Fair Employment and Housing Commission. I was one of the Attorney General's representatives on the National Attorneys General and the U.S. Department of Justice's Task Force for Disability Rights and Housing. I was also the Attorney General's liaison to the California Building Officials Association (CALBO), for whom I conducted training and consultation regarding the interpretation and enforcement of California building codes and regulations regarding disabled access.

31. In addition to my legal practice with the Attorney General’s Office, I was an editor of the Attorney General’s “Disabled Rights Handbook” and “Women's Rights Handbook,” and a consultant for the California Building Officials Association’s interpretive manual establishing procedures for local enforcement of access codes and regulations. I was also a frequent speaker on behalf of the Attorney General to city and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 18-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

state agencies on the interpretation and enforcement of California and federal civil rights laws. I received training from the U.S. Department of Justice and the Division of the State Architect's Access Compliance Section on technical aspects of building standards under the ADA (ADAAG) and California's Title 24-2, and am proficient in conducting inspections for violations of state and federal disabled access regulations for all types of Title II and Title III public facilities. I have conducted hundreds of investigations on behalf of the Attorney General and in private practice for violations of both ADA and California building standards for every type of public facility including city services and programs, courthouses, transportation facilities, hospitals, stadiums, shopping malls and every type of public commercial facility.

32. I have also acted as expert consultant for state, county, city, and local agencies, including consulting with local building departments, county superior courts, the Division of the State Architect, the City of Riverside and the California Building Officials Association. During my tenure with the Attorney General's Office my investigations of the enforcement practices of cities and counties brought about significant changes in local enforcement of access building codes, and the implementation of state wide standards for enforcement procedures that benefit both the business and the disability community by standardizing complaint and enforcement procedures for commercial facilities. The California Association of Building Officials has adopted the enforcement

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 19-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

procedures I helped develop as the standard enforcement procedures that are now used throughout the state.

33. The investigation of access complaints I conducted on behalf of the Attorney General and the training of building inspectors, architects and builders I conducted throughout the state resulted in improved disabled access to hundreds of public buildings throughout California. I have also conducted training seminars throughout the state for the Department of Rehabilitation, the American Institute of Architects (AIA) and for many disability groups throughout the state regarding policies and procedures for interpreting and enforcing civil rights disabled access laws and regulations. I have received official commendations from the Department of Rehabilitation and the City of Los Angeles for my work in disabled access education.

34. After leaving the Attorney General's office I continued my consultation work with local cities and counties as a private consultant for such state and local municipalities as the Division of the State Architect, the Department of Rehabilitation, the Superior Court for the City of Riverside, the City of Pacific Grove, the City of Del Mar, San Diego Transit District and Independent Living Centers. In addition to private consulting, I developed training seminars for Cal State Long Beach University Business Extension in the design and construction of disabled accessible buildings for design professionals. I was a featured speaker at the 1998 AIA convention in San Francisco on architect liability under the ADA. I was also an adjunct professor of civil rights at

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 20-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

Trinity Law School (currently on leave), and continue to provide *pro bono* consultation throughout the state, including consultation to the Division of the State Architect on legislation and code amendments for Title 24 building standards, and non-profit disability groups.

35. Since joining the Law Offices of Paul Rein in June of 1999, I have had responsibility as lead counsel in more than one hundred cases that have successfully settled at settlement conferences or mediations without the need for an attorney fees motion, or comprehensive discovery. Most currently, I am lead counsel in a case of first impression: George, et al. v. BART, U.S.D.C. Northern District of California, Case No. C00-02206 CW, a case in which plaintiff obtained summary judgment against BART affirming the rights of visually disabled persons to a safe path of travel to public transportation facilities. (This case litigation is continuing as defendant has appealed.) I have also tried an ADA jury case as co-counsel in Diane Zum Brunnen v. Mission Ranch, et al., U.S.D.C. Northern District of California, Case No. C97-20668 JW. My current billing rate of $375/hr. is based upon my extensive experience as a civil trial attorney for nineteen years, and my specialized expertise in every facet of state and federal disability access laws and regulations. For example, in the case of Carolyn Martin v. Bombay Company, et al., U.S.D.C. Northern District of California, Case No. C99-5285 PJH, this national chain agreed to implement policies and procedures to ensure disabled access in all four hundred (400) of its stores, nation-wide, as the result of a single (non-class action) lawsuit. In a case

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH** - 21-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

handled by this Court, McIver, et al. v. City of Sacramento, U.S.D.C. Eastern District of California, Case No. Civ-S00-2078 (WBS), the City of Sacramento and the owners of six private businesses all agreed through settlement to renovate all of the parking, boardwalks and curb-cuts in the "Old Sacramento" section of Sacramento, to provide disabled access. I have also successfully settled first impression cases, including Daniel Holbea v. Shamrock Liquors et al., Case No. C00-3369 MEJ, in which we used the ADA's and California statutes anti-discrimination provisions to recover $70,000 damages (as well as statutory fees and costs) for a young man thrown out of a store and told not to return because of his disabling facial disfigurement. (We are not aware of any other reported cases of using the ADA to combat discrimination based on facial disfigurement, which is known to be a form of disability particularly vulnerable to harmful discrimination.)

36. My previous hourly rate of $345/hr. was awarded in contested attorney fees litigation by orders of three Northern District Judges for work performed in 2001-2003: Former Chief Judge Thelton Henderson in Chavez v. Chevy's, Inc., et al., Case No. C01-4322 TEH; Judge Martin Jenkins in Shapiro v. 3030 Bridgway, et al., Case No. C00-4410 MJJ; and Judge Claudia Wilken in George, et al. v. BART, Case No. C00-2206 CW.

37. My time necessarily expended on this case is as follows: **96.7 hrs. @ $375/hr. = $36,263.**

//

//

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 22-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc

I certify that I am a member of the bar of this court and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the State of California. Executed on December 28, 2004 in Oakland, California.

PATRICIA BARBOSA, Declarant

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Declaration of Patricia Barbosa in Support of Plaintiff's Motion for Attorney Fees: Case No. CIV-S03-1467 WBS/GGH**
- 23-
S:\PB\L\La Baer\pleading\Dec PBarbosa in support of Mot for Fees.doc