1 | CAROL RENÉ BROPHY (SBN 155767)
CIARÁN O'SULLIVAN (SBN 198970)
2 | NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
50 CALIFORNIA STREET, 34TH FLOOR
3 | SAN FRANCISCO, CALIFORNIA  94111-4799
Telephone:  415/ 398-3600
4 | Facsimile:  415/ 398-2438

5 | Attorney for Defendants
LA BAER INN, EDWARDS 1991 REVOCABLE TRUST;
6 |
CARRIAGE HOUSE INN, EDWARD M. SILVERA dba
7 | CARRIAGE HOUSE INN, and SILVERA 2001 TRUST;

8 | DRIFTWOOD LODGE AND CAFÉ, CHUCK EDWARDS dba
DRIFTWOOD LODGE, EDWARDS TRUST;
9 |
THUNDERBIRD MOTEL,
10 | MICHAEL BLANK dba THUNDERBIRD MOTEL; and

11 | TRAVEL INN, AMTHABHI PATEL and
SUMITRA PATEL dba TRAVEL INN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| ANDI MILLARD, | Case No:  CIV. S-03-1468 FCD DAD |
|---|---|
| Plaintiff, | |
| vs. | **DECLARATION OF SUSHIL PATEL IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS** |
| CARRIAGE HOUSE INN; EDWARD M. SILVERA dba CARRIAGE HOUSE INN, SILVERA 2001 TRUST, | |
| Defendants. | **Hearing**<br>Date:    March 21, 2005<br>Time:    1:30 p.m.<br>Honorable William B. Shubb |
| ANDI MILLARD, | Case No:  CIV. S-03-1480 FCD KJM |
| Plaintiff, | |
| vs. | |
| DRIFTWOOD LODGE AND CAFE; CUCHK EDWARDS dba DRIFTWOOD LODGE; and DOES 1 through 35, inclusive, | |
| Defendants. | |

182396_1.DOC

DECLARATION OF SUSHIL PATEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS

| | |
|---|---|
| ANDI MILLARD, | Case No: CIV. S-03-1482 MCE JFM |
| Plaintiff, | |
| vs. | |
| TRAVEL INN; AMTHABHI PATEL and SUMITRA PATEL dba TRAVEL INN; and DOES 1 through 35, inclusive, | |
| Defendants. | |
| ANDI MILLARD, | Case No: CIV. S-03-1481 DFL DAD |
| Plaintiff, | |
| vs. | |
| THUNDERBIRD MOTEL; MICHAEL BLANK dba THUNDERBIRD MOTEL; and DOES 1 through 35, inclusive, | |
| Defendants. | |
| ANDI MILLARD, | Case No: CIV. S-03-1467 WBS GGH |
| Plaintiff, | |
| vs. | |
| LA BAER INN, EDWARDS 1991 REVOCABLE TRUST, | |
| Defendants. | |

182396_1.DOC

**DECLARATION OF SUSHIL PATEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS**

I, Sushil Patel, do hereby declare that:

1. I am the son of Amthabhi Morar Patel and Sumitra A. Patel, owners of the TRAVEL INN, the defendants in one of the above-related cases. I also manage the Travel Inn on behalf of my parents. I have been very personally involved in the course of this litigation from its inception in an effort to keep down the costs, have read all of the pleadings and reports filed in this case, and have acquired personal knowledge of the following matters. If called upon as a witness, I could and would competently testify thereto.

**Overview and History of the Travel Inn.**

2. My parents purchased the Travel Inn in approximately 1998. The Travel Inn is located at 964 Stateline Avenue, South Lake Tahoe, California 96150. I have always managed the Travel Inn on my parents' behalf.

3. My research into the history of the Travel Inn structure has informed me that the building was built in approximately 1957, and that no structural changes have ever occurred at the premises. When my parents purchased the property it included the original carpeting and drapes that had been installed in 1957. Since my family's purchase of the property, we have not performed any structural upgrades at the property, and have only performed cosmetic work that did not trigger any ADA upgrade requirements.

4. The Travel Inn is a small motel, having only 38 rooms available for rental. There are only 4 full-time employees, including myself. In 2004, the Travel Inn lost approximately $41,000.00 on annual revenue of approximately $327,000.00, and expenses of $368,000.00. Approximately $25,000.00 of the losses we incurred are attributable to the disabled-access changes attributable to this lawsuit.

5. In the seven or so years since I have managed the Travel Inn, I do not recall being asked for a handicapped accessible room. However, I do recall, on one or two occasions, seeing handicapped persons at the property, and they did not complain of any difficulties in getting around the property.

**The Economic Decline Of The South Lake Tahoe Area In The Last Decade.**

6. In the interests of saving expenses and paper, I hereby incorporate by reference as though

**DECLARATION OF SUSHIL PATEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS**

fully set forth herein the description of the Economic Decline of the South Lake Tahoe Area in the last decade that is set forth in paragraph 5 of the Edwards Declaration in Opposition to Plaintiff's Motion ("Edwards Dec."). In addition to Mr. Edwards' description of the decline of the Tahoe tourism industry, I would add the following. There is no doubt that the Tahoe area has lost its allure as a gambling and tourist destination. Although my family's ownership of the Travel Inn has encompassed only approximately seven (7) years, even in that relatively brief time I have observed the decline in interest in Tahoe as a tourism destination. An indication of that decline is the fact that this motel averaged approximately $40.00 to $50.00 per night for renting a room midweek in 1998, and approximately $100.00 per night on Saturdays. Nowadays the comparable figures are $35.00 to $40.00 on average for a midweek night, and approximately $60.00 to $70.00 on Saturday. These figures do not account for inflation. I estimate that the revenues of the Travel Inn have declined approximately 30% since 1998, and the detailed financial information provided to plaintiff in this case support that fact. I attribute this decline to Tahoe's decline as a tourist destination as well as to the detrimental effects of the Tahoe Area Redevelopment Plan.

**The Upgrades Required By This Lawsuit Have Imposed A Great Financial Burden On The Travel Inn.**

7.  The Travel Inn does not believe, given the fact that it was built so long ago, the fact that no major structural renovations have taken place there since the relevant statutes were passed, and the business' modest financial means, that it was required to perform any of the changes that it agreed to in the consent decree. However, we agreed to them because of the enormous cost of litigating that issue, and the adverse effect it would have on the business. The changes have also imposed a major financial burden. From our modest revenues of last year, the motel had to expend no less than $25,000.00 for those changes, which almost totally explained our annual loss of $41,000.00.

**The Use Of The Travel Inn By Disabled Persons.**

8.  Prior to the filing of this lawsuit, I believe from recollection as a working innkeeper that we were rarely if ever asked for rooms that were accessible to disabled persons. Furthermore, I have fully completed all remedial work at the motel as agreed in the Consent Decree in this case, and had

182396_1.DOC

DECLARATION OF SUSHIL PATEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS

done so by last September. I notified Mr. Rein of the fact that all upgrades were complete in a certified letter dated September 12, 2004. Since that time, although we have had a number of disabled guests, not one disabled person has asked for a disabled-access room. I have observed that disabled persons often specifically prefer or request a normal room. Because of this very modest demand among disabled persons for such amenities, both before and after this lawsuit, it is my opinion that the litigation undertaken by plaintiff Millard has resulted in no public benefit to disabled persons.

**The Redevelopment Project And Its Detrimental Effect On Business.**

9.   In the interests of saving expenses and paper, I hereby incorporate by reference as though fully set forth herein the description of the Redevelopment Project And Its Detrimental Effect On Business that is set forth in the Edwards Declaration.

**Defendants Are In Serious Financial Distress.**

*10.*   In the interests of saving expenses and paper, I hereby incorporate by reference as though fully set forth herein the description of the detrimental effects that the redevelopment project is having on the motels in this area that set forth in the Edwards Declaration. The detrimental effects described in Mr. Edwards' declaration are equally applicable to the Travel Inn. I estimate that the revenues of the Travel Inn are down approximately 30% from the comparable period a decade ago. Also, as noted, the changes we had to implement last year as a result of this litigation contributed to a $41,000.00 loss for last year.

**Plaintiff's Refusal Take Reasonable Steps To Settle This Matter Quickly And Cheaply, And Her Attorney's Efforts To Unnecessarily Increase Attorneys Fees.**

11.   In the interests of saving expenses and paper, I hereby incorporate by reference as though fully set forth herein the description of the efforts of all defendants in the Tahoe Group to settle this case and to reach a prompt global settlement with plaintiff Andi Millard that is set forth in the Edwards Declaration.

12.   In addition to Mr. Edwards' description, I can add the following additional information. The same day that I was served with the summons and complaint in this action, I called plaintiff's attorney Paul Rein, and left a message asking him what plaintiff's "damages" were, and what it would

182396_1.DOC

**DECLARATION OF SUSHIL PATEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS**

take to settle this case. Mr. Rein called me back, but I was unable to talk to him. He then wrote a letter in which he referred me to my insurer and to a lawyer, and he informed me that he could not talk to me unless I was so represented. This was despite the fact that by Mr. Rein's own admission, both he and an access consultant had already visited the Travel Inn prior to filing the lawsuit, and had conducted an inspection. Attached hereto as Exhibit A is a true and correct of Mr. Rein's letter to me of August 1, 2003.

13. I did not understand why he could not state then what the damages and claims were, as is usually the case when a plaintiff sues someone, especially since plaintiff, her expert, and her attorney had already made a trip to our motel. In other words, they already seemed to be in possession of the information necessary to determine what changes needed to be made at the property, as Mr. Rein had indicated in his letter to me that he and an expert had already been at our property, but they refused to let me know that, despite our eagerness to settle.

14. Having no way to settle or compromise this claim without the involvement of attorneys, I was forced to incur the expense of formal legal representation for this case. As described in the Edwards Declaration, I joined with the defendants in the other related cases, and form what we called the Tahoe Defense Group, for the purpose of achieving economies of scale in this litigation.

15. As described in great detail in the Edwards Declaration, incorporated by reference above, the defendants in this case, especially including myself, were always aware from the start of this litigation that it is almost impossible for a defendant to prevail when sued by an ADA plaintiff. Accordingly, we endeavored to meet all of plaintiff's demands as early as possible in the litigation, so as to prevent the escalation of attorneys fees. But we were frustrated at every attempt to do so. It is my personal opinion that plaintiffs attorney abused the legal process to do everything in his power to run up the attorneys fees incurred in this litigation.

**Travel Inn Voluntarily Acquiesced In Plaintiff's Demands For Discovery Of Private And Sensitive Financial Information.**

16. Although our attorney pleaded with Mr. Rein to refrain from expensive discovery, because of the cost of responding to it, Mr. Rein nevertheless did so on December 1, 2003. So eager

182396_1.DOC

was Travel Inn to settle this case at minimal cost to all, including plaintiff, that we refrained from asking for any extensions of time to respond, even though his demands meant gathering all of the responsive information during the hectic Christmas Holiday period, and agreed to provide the sort of documents that I never thought I would have to reveal to anyone except my accountants and the Internal Revenue Service. As shown by the index of documents provided by all defendants, which is attached to the declaration of Carol Brophy, Travel Inn not only provided copies of permit applications, grant deeds, and insurance policies, but we even provided our property tax statements and the Profit and Loss Statements for the motel for 2000, 2001 and 2002. 2003's statement was not available at the time of production. Such documentation should have informed plaintiff of defendants' modest financial means, and that continued intense litigation was unnecessary, but as the Court can see, it did not stop her from doing so.

      17.   I ask the Court to show mercy and to see that justice and fairness is done. Plaintiff has had all of her demands met, and she could have had them met very early in this litigation if her attorney had allowed her to. The Travel Inn promptly implemented all changes required by the Consent Decree with Ms. Millard. The cost of this litigation threatens the very existence of my business. If the Court forces Travel Inn to pay plaintiff all of the exorbitant fees he demands, it will further threaten Travel Inn's future survival. Travel Inn does not have the means to pay the exorbitant damages claimed by plaintiff, and it is a certainty that my parents will have to take out another loan secured against their property if they are forced to do so.

      I declare under the penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on February 22nd, 2005, at South Lake Tahoe, California.

                                                            SUSHIL PATEL

TahoeADA_PatelDec_InOpposition_AttysFeesMotion(7)

**DECLARATION OF SUSHIL PATEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS**

# EXHIBIT A
## Declaration of Sushil Patel

LAW OFFICES OF
# PAUL L. REIN
200 LAKESIDE DRIVE, SUITE A
OAKLAND, CALIFORNIA 94612
(ENTRANCE AT JACKSON & 19TH STREETS)

PAUL L. REIN
PATRICIA BARBOSA

TELEPHONE - 510/832-5001
FACSIMILE - 510/832-4787

August 1, 2003

Amthabhi Patel
c/o Travel Inn
964 Stateline Ave.
South Lake Tahoe, CA 96150-6914

Re: **Andi Millard v. Travel Inn, Amthabhi Patel, et al.**
U.S. District Ct., Eastern District of California
Case No. CIV-S-03-1482 MCE
Your July 31, 2003 Telephone Call to My Office

Dear Mr. Patel:

This letter is in response to your telephone call of July 31st to my office, which call I returned and left a message on your answering machine.

Confirming my message, and in response to your leaving a message with my office manager that this was a "frivolous lawsuit," I have personally seen the exterior of your motel and no disabled person can enter the motel office independently in their wheelchair. It also does not appear, per the investigation by our expert consultant, that you provide any accessible guestrooms or accessible parking spaces. There also do not appear to be accessible routes into the rooms themselves. After receiving the complaint from our client regarding her unsuccessful attempt to patronize the motel and the lack of access at the premises that forced her to seek lodging elsewhere, we filed our lawsuit on the basis of an inspection by an access consultant with 20 years experience.

With regard to your demand for what the "damages" are, our primary purpose in filing this action is to obtain access for disabled persons, and we will not discuss issues of financial settlement until an agreement has been reached for provision of access.

If you have not already done so, this matter should

C:\FILES\TRAVEL INN\PATEL.LT.wpd

Amthabhi Patel
August 1, 2003
Page 2

be turned over to your insurance carrier and you should make a demand upon your insurance company to provide you with an attorney. The federal statutes require that a response to the complaint be filed within 20 days of service. If your insurance company does not provide you with an attorney, you will have to obtain one yourself and respond to the complaint. If your attorney needs additional time to answer the complaint, please ask him to contact us, in writing, in this respect.

The California laws respecting disabled access have been in effect for 33 years, since 1970; the Americans With Disabilities Act of 1990 has been in effect for 13 years. The legal and factual bases for our complaint are set out in the complaint itself.

Once we are contacted by an attorney on your behalf we hope that we can work toward provision of access on a cooperative basis without the necessity for expensive discovery. However, as attorney for an adverse party I cannot give you any legal advice, and I urge you to obtain an attorney to represent you in this matter at your earliest opportunity.

Thank you for your anticipated courtesy and cooperation.

Very truly yours,

PAUL L. REIN

cc: Patricia Barbosa, Esq

C:\FILES\TRAVEL INN\PATEL.LT.wpd               - 2 -